[S. F. No. 2169.    Department One. — March 21, 1901.]

CAROLINE BERLIN, Administratrix, etc., Respondent, v. EUREKA LODGE No. 9, KNIGHTS OF PYTHIAS, Appellant.

Benefit Society — Knights of Pythias — Sick-benefits — Change of By-law not Retroactive — Graduated Scale. — Where a sick member in a lodge of the Knights of Pythias had been paid sick-benefits at the regular rate of ten dollars per week for over one hundred weeks, under a former by-law, a change in the by-laws, not made retroactive in terms, introducing a graduated scale, of ten dollars per week for fifty weeks, five dollars per week for the next fifty weeks, and thereafter, during the continuation of the disability, three dollars per week, the operation of the changed by-law upon such sick member is the same as upon any other member, and as if he had been taken sick upon the day of its adoption. No part of the past benefits received by him prior to the change can be considered as applicable upon the graduated scale.

Id. — Redress of Grievances under By-laws. — An aggrieved member of a subordinate lodge of a benefit society must exhaust all of the remedies provided for in the by-laws for the redress of his grievances before he can apply to a court, and may be precluded by a final decision against him upon the merits upon an appeal provided for in the by-laws.

ID. — DEATH PENDING APPEAL AS TO SICK-BENEFITS — WRONGFUL DIS-
MISSAL — JURISDICTION OF COURTS. — Where, after an appeal taken,
pursuant to the by-laws, to the highest tribunal from an erroneous
decision of a subordinate lodge in regard to sick-benefits, the sick
member died, and on that account the appeal was wrongfully dis-
missed without a decision upon the merits, which ought to have
been made regardless of the death, the administrator of the de-
ceased member may apply to the court for the enforcement of ac-
crued and unpaid sick-benefits due to the deceased member under
the by-laws.

APPEAL from a judgment of the Superior Court of the City
and County of San Francisco and from an order denying a
new trial.   Frank H. Dunne, Judge.

The facts are stated in the opinion of the court.

Davis Louderback, for Appellant.

O. F. Meldon, for Respondent.

GAROUTTE, J. — This is an action to recover from a subor-
dinate lodge of the Knights of Pythias an amount represented by
an accrual of weekly sick-benefits.   The action is brought by the
administratrix of the estate of William A. Berlin, deceased.

Berlin was a member of the order, and entitled to weekly
sick-benefits by reason of certain by-laws.   For a great many
months he had been paid these sick-benefits.   Thereafter, and
while he was still sick, and entitled to benefits under the afore-
said by-laws, the lodge amended those laws, and provided that
weekly sick-benefits should be paid to members as follows:
"For the first fifty weeks of disability, ten dollars per week;
for the following fifty weeks of such disability, five dollars per
week; and thereafter, during the continuation of such disabil-
ity, three dollars per week."   Berlin, having been paid ten dol-
lars per week, under the old by-law, for more than one hundred
weeks, it is now claimed by appellant that he was not entitled
to ten dollars per week, under the amended by-law, for the
first fifty weeks of his sickness, and five dollars per week for
the next succeeding fifty weeks of his sickness, but that in fact
he was only entitled to three dollars per week from the date of
the passage of the amended law.   There was no attempt upon
the part of the lodge to give this amended by-law a retroactive
effect, even conceding that it could be done.   Hence it seems
that when the amended by-law went into effect it had the

same force upon Berlin as upon any other member of the order. The by-law having no retroactive effect, it is an immaterial matter that he had been sick prior to its adoption, and he stood in the same position to it as if he had been taken sick upon the day of its adoption.

In view of the decision of this court in *Robinson* v. *Templar Lodge*, 117 Cal. 370,[1] the law of this state may be deemed settled to the effect that a member of a subordinate lodge deeming himself aggrieved by the action of the lodge must exhaust all the remedies provided by its laws for the redress of his grievances before he may appeal to courts of law. And secondly, it may be deemed settled law by the same decision, that a member of a lodge, by subscribing to the by-laws, may waive his right to sue in the courts of law for the redress of his grievances; and if such member brings an action in a court of law, it is a defense thereto if he has agreed within the order to look solely to its tribunals for the redress of those grievances, and those tribunals have decided against him upon the merits of his case. In the present case, Berlin sought relief in the tribunals of the order, and while his appeal was pending before its highest tribunal, he died. Thereafter that tribunal dismissed his appeal, upon the ground that Berlin was then dead, and " there is no party in interest or beneficiary before us, and no revivor has been had." We find nothing in the laws of the order prescribing a procedure for the substitution of a new party in case of the death of the party appellant, and the appellate tribunal had no right to dismiss Berlin's appeal upon the ground set forth. It should have decided the appeal upon its merits, regardless of his death. Certainly so, in the absence of some express law of the order authorizing a dismissal of the proceeding.

If this, the highest tribunal of the order, had decided the appeal upon its merits adversely to Berlin's claim, possibly, in view of the Robinson case, *supra*, its decision would have barred a recovery in this action. But the dismissal upon the grounds stated was in substance a refusal to hear the appeal upon its merits; and Berlin's legal representatives had the right, under those circumstances, to come to a court of law for relief. Berlin was only bound to abide by the decision of the tribunals of the order, if those tribunals decided his case upon

---

[1] 59 Am. St. Rep. 193, and note.

its merits. Under the laws of the order, they were required to so decide it, and if they refused, of necessity his only relief was an appeal to the courts. Dismissing his appeal for the reasons stated was not authorized, and he, having taken the appeal in good faith, seeking to test the merits therein involved, thereby exhausted all the remedies furnished by the laws of the order, and there being no final decision against him upon the merits, his representative was justified in bringing this action.

There are a great many points made by appellant upon which reliance is placed in order to reverse this judgment. They are of a most technical character, and upon a careful examination of them, we find them too technical to interfere with the substantial administration of justice.

For the foregoing reasons the judgment and order .are affirmed.

Van Dyke, J., and Harrison, J., concurred.

Hearing in Bank denied.