[S. F. No. 2540.    Department Two. — August 14, 1901.]

## EMILY MARSHALL, Appellant, v. GRAND LODGE OF ANCIENT ORDER OF UNITED WORKMEN OF CALIFORNIA, Respondent.

BENEFIT SOCIETY — MEMBERSHIP SUBJECT TO RULES — NON-PAYMENT OF ASSESSMENTS — SUSPENSION FROM BENEFICIARY FUND. — Where a member of a beneficiary society agreed in writing to comply with its laws, and to make such compliance the condition on which he was to participate in its beneficiary fund, and his beneficiary certificate provided that it was subject to and was to be construed and controlled by the laws of the order, and such laws provided that the beneficiary certificate of each member who has not paid assessments or dues to the financier of his lodge within a specified time should by the fact of such non-payment to such financier stand suspended, and that no action of the lodge should be required as essential to such suspension, the non-payment of assessments had the effect, *ipso facto*, to suspend the member from participation in the beneficiary fund.

ID. — LIFE INSURANCE — BENEFICIARY SOCIETY NOT SUBJECT TO GENERAL INSURANCE LAWS. — The provisions of the laws of such beneficiary society, and the fact that the beneficiary certificate issued to each member entitled the beneficiary named therein to a specified sum upon the death of the member in good standing, does not subject the association to the operation of the general insurance laws of the state; but beneficiary societies are expressly exempt from such general laws, by section 451 of the Civil Code.

ID. — PAYMENT BY SUSPENDED MEMBER — UNAUTHORIZED REINSTATEMENT — ABSENCE OF RE-EXAMINATION — SUSPENSION NOT WAIVED. — The subsequent payment of all arrears by the suspended member to the financial agent of the subordinate lodge, and his unauthorized reinstatement by such lodge, without the re-examination by a physician, expressly required by the laws of the order, cannot constitute a waiver of the suspension, where the grand lodge, upon report of the payment, refused to receive the money, and directed the subordinate lodge to return it for want of the required re-examination.

ID. — SUBORDINATE OFFICERS NOT AUTHORIZED TO WAIVE LAWS OF ORDER. — Where the officers of subordinate lodges were declared by the constitution not to be agents of the grand lodge, from which the laws of the order emanated, which entered into the contract for participation in the beneficiary fund, neither the financier of the subordinate lodge nor such lodge had the power to waive those laws.

ID. — ESTOPPEL — KNOWLEDGE OF INSURED MEMBER. — The subordinate lodge being subject to and controlled by the laws of the grand lodge, to the knowledge of the insured member, who knew that a re-examination was required by those laws, there is no element of estoppel by which the grand lodge can be affected.

ID. — RETENTION OF MONEY BY FINANCIER OF LODGE. — The grand lodge cannot be estopped by the fact that the money was in the hands of the financier of the subordinate lodge when the member died, without complying with the laws of the order for a re-examination, which the financier was seeking to have him comply with.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial.   John Hunt, Judge.

The facts are stated in the opinion.

John S. Partridge, Harris & Hess, and Percy V. Long, for Appellant.

Some action of the order was necessary to effect the suspension of a member of a benefit society.   (Niblack on Benefit Societies, p. 532, sec. 287; *McDonald* v. *Chosen Friends*, 78 Cal. 49.)   The Ancient Order of United Workmen is an insurance company (*State* v. *Miller*, 66 Iowa, 26; *Daniher* v. *Grand Lodge A. O. U. W.*, 10 Utah, 110); and that being so, the financier of the subordinate lodge, to whom all assessments were required to be paid, waived any condition against forfeiture, by accepting payment thereof.   (*Knarston* v. *Manhattan Life Ins. Co.*, 124 Cal. 74; *Millard* v. *Supreme Council L. of H.*, 81 Cal. 340; *Erdman* v. *Mutual Ins. Co.*, 44 Wis. 376; *Gaige* v. *Grand Lodge*, 48 Hun, 137; *Sims* v. *Baltimore Mut. Aid Soc.*, 15 Pen. C. C. 642; Niblack on Benefit Societies, 576, and cases cited.)   The officers of the subordinate lodge were agents of the grand lodge in the collection of assessments, notwithstanding the recital in a rule of the order to the contrary.   (*Supreme Lodge K. of H.* v. *Davis*, 26 Col. 252.)   The recognition of the deceased as a member of his lodge was evidence of good standing, and waived any forfeiture. (*Lazensky* v. *Supreme Lodge*, 31 Fed. Rep. 592; *Hoffman* v. *Legion of Honor*, 35 Fed. Rep. 252; *Kline* v. *National Ben. Association*, 111 Ind. 462.[1])

---

[1] 60 Am. Rep. 703.

William H. Jordan, and Walter S. Brann, for Respondent.

The laws of the order *ipso facto* provided for a forfeiture for non-payment of assessments, and accomplished that result without further action. A benefit society, by the code of this state, is not subject to the laws regulating insurance companies. (Civ. Code, sec. 451.) Members of a benefit society are conclusively presumed to know its laws, and the financier of a subordinate lodge cannot waive laws of the grand lodge, which enter the contract of the member, as to the beneficiary fund of the order. (*Harvey* v. *Grand Lodge A. O. U. W.*, 50 Mo. App. 472; *Bograefe* v. *Knights of Honor*, 22 Mo. App. 127; Bacon on Benefit Societies, secs. 148 et seq.) The covenant made by the member became an essential condition of his contract with the benefit society. (3 Am. & Eng. Ency. of Law, 2d ed., p. 1031.)

CHIPMAN, C. — Action by the widow of Louis N. Marshall to recover from defendant a sum claimed to be due upon a certificate issued by defendant to said Marshall in his lifetime, in which his wife, Emily, was named as beneficiary. The defense set up is, that, at the time of his death, Marshall was not a member of the defendant, in good standing, and was not entitled to participate in its beneficiary fund, out of which the sum claimed was by the terms of the certificate made payable. Defendant had judgment, from which and from the order denying her motion for a new trial plaintiff appeals. The contention of appellant relates to the law as applicable to the facts, rather than as to what the facts really are.

The court found that defendant is a corporation organized under the laws of this state for fraternal, social, and beneficiary purposes, and has subordinate lodges subject to its control. Among its objects is the following, namely: to issue to each full-rate workman-degree member of each subordinate lodge of defendant, a certificate entitling the beneficiary named therein to the sum of two thousand dollars, and to provide payment thereof upon the death of said member in good standing. Harmony Lodge No. 9, of San Francisco, is a subordinate lodge of defendant, in which Marshall became a member in 1893; he subsequently became a workman-degree member, and there was issued to him a beneficiary certificate, agreeably to his application. In 1894, Marshall became delin-

quent in the payment of certain assessments, and was suspended from membership in defendant organization. He subsequently applied for reinstatement, and upon compliance with the laws in such cases, relating to re-examination by the medical examiner, etc., was reinstated, and his beneficiary certificate was renewed. Having lost the original certificate, on his application the certificate now in question was issued to him, February 22, 1896, payable to his wife. On March 1, 1896, defendant duly levied certain assessments, under the provisions of its constitution, upon all members under its jurisdiction, which became due and payable March 28, 1896. Having failed to pay his assessments, Marshall became and was suspended from the right to participate in defendant's beneficiary fund, by virtue of section 429 of defendant's constitution and laws. Marshall died, October 13, 1896, and proof of death was made to Harmony Lodge and to defendant, and plaintiff demanded payment from defendant of two thousand dollars, which was refused. The court also found that about August 15, 1896, Marshall then being more than three months in default for such non-payment, "the officers of Harmony Lodge did, by a majority vote of its members, attempt to reinstate him, the said Marshall, in the beneficiary fund of defendant"; that at the time of such attempt to reinstate, the laws of defendant covering such reinstatement under such circumstances provided as follows: "Any member in arrears in beneficiary assessment for a term exceeding three months and less than six months, shall make application in writing, and must again be examined by the medical examiner of the lodge, whose reports shall be in the manner and form as prescribed by the grand lodge, and shall recommend the applicant for membership, and he shall pay all assessments for which he would have been liable had he remained in good standing. Such medical examiner's report shall be forwarded to the grand medical examiner, and when returned bearing the approval of said medical examiner, he may then be reinstated to membership and his beneficiary certificate be renewed; provided, that by a vote the majority of the lodge consent thereto. And no further application shall be received for the space of three months. He shall pay the medical examiner his fee. If the application for renewal be approved, the medical examiner's report, together with the notice of re-

newal of his beneficiary certificate, shall be forwarded to the
grand recorder.   If rejected, the amount deposited for renewal
shall be returned to the applicant."

It was found that these provisions were not complied with,
and that as soon as defendant was notified of the attempted
reinstatement of Marshall in its beneficiary fund, it, in writing,
promptly notified Harmony Lodge and its officers, and also
the said Marshall, that it refused to reinstate him until he
should have complied with the laws, and particularly the law
above given; that subsequent to Marshall's suspension he paid
to Harmony Lodge twenty-four dollars for dues and assess-
ments, "but defendant has continuously and steadfastly re-
fused to accept said money, or any part thereof, and upon
being notified of the payment by said Marshall to said Har-
mony Lodge of said sum of money, defendant promptly in-
structed said Harmony Lodge to return said money to said
Marshall."   The certificate contained the following provision:
"This certificate is issued subject to and is to be construed
and controlled by the laws of the order."

1. Appellant contends that as Marshall was never suspended
from the lodge, the failure to pay assessments would not, of
itself, work suspension from the beneficiary fund.   The law of
the defendant corporation, under which the certificate issued,
was as follows:—

"t. *Suspension of members for non-payment.*   The beneficiary
certificate of each member who has not paid such assessment
or assessments to the financier of his lodge, the only author-
ized officer to receive and receipt for all assessments and dues,
on or before the 28th of said month, shall by the fact of such
non-payment to said financier stand suspended, and no action
upon the part of the lodge, or any officer thereof, shall be re-
quired as essential to such suspension."

In *McDonald* v. *Supreme Council etc. Chosen Friends*, 78 Cal.
49, cited by appellant, a somewhat similar question arose as
we have here, and it was held that failure to pay a delinquent
assessment did not, *ipso facto*, work suspension, but the decis-
ion was placed upon the ground that the laws of the society
required some adjudication by the council, in order to declare
a member suspended.   And it was said in the opinion, "It can-
not be doubted that if there was a complete suspension within
the meaning of the laws governing the association, a compli-
ance with said conditions was necessary, for such is the plain

provision of the laws." The laws governing the defendant corporation make no provision for any adjudication or declaration of suspension by any council, but plainly state that upon non-payment the member shall "stand suspended, and no action upon the part of the lodge, or any officer thereof, shall be required as essential to such suspension." In becoming a member, Marshall agreed in writing to "make punctual payment of all assessments, . . . and to conform in all respects to the laws . . . of the order"; and in applying for the beneficiary certificate he signed a further agreement, stating "that compliance on my part with all laws, regulations, and requirements which are or may be enacted by said order is the express condition upon which I am entitled to participate in the beneficiary fund," etc. We do not think appellant's contention can be maintained, that these provisions relating to the beneficiary fund subjected the association to the operation of the general insurance laws of the state, or constituted the society an insurance company, as contemplated in such general laws. Section 451 of the Civil Code expressly declares that associations such as this one are "not to be insurance companies in the sense and meaning of the insurance laws of this state, and are exempt from the provisions of all existing insurance laws of this state."

We think, under the laws of defendant, the non-payment of assessments had the effect to suspend the member at least from participation in the beneficiary fund.

2. There was no waiver. *Millard* v. *Supreme Council L. of H.*, 81 Cal. 340, cited by appellant, is not in point. In that case all assessments had been paid, and the money placed in the treasury of the benefit fund, before the death of the member, and this was held to be a waiver of any forfeiture, and it was said that "whether or not the deceased, in a strict legal sense, was in good standing at the time mentioned was immaterial."

The evidence in the present case was, that in August, 1896, some three months after Marshall became delinquent, he paid all arrears to the financier of Harmony Lodge, who gave a receipt therefor, and reported the payment to the lodge, the members of which, by unanimous vote, voted to reinstate Marshall. The law as to examination by the medical examiner was wholly disregarded. The payment was reported, as required by the law of the society, to the grand lodge, which promptly refused to receive the money or to acknowledge any reinstate-

ment of Marshall's certificate, upon the ground that he had not complied with defendant's laws with reference to reinstatement in its beneficiary fund, and, particularly, had not submitted himself to re-examination. Defendant informed the lodge, in writing, that said attempted reinstatement was illegal, and directed the lodge to return to Marshall any assessments which he may have paid upon such reinstatement, and to so notify Marshall. This action of defendant was communicated to Marshall, but he did not have himself re-examined for reinstatement. In the course of the correspondence which ensued between Marshall and the financier of the lodge, the latter, on September 17, 1896, wrote Marshall, who was then in the country, and sick: "Inclosed is a letter sent to our recorder by the grand recorder in reply to his report for September 1st. You will see that before I accepted any money from you, you should have been re-examined. The law says that after three months a re-examination is necessary on reinstatement. . . . Now, the only way out of the difficulty is for you to go to the examining physician of the lodge there, and tell him that it is for reinstatement in your lodge here; get it; and send it to me as soon as possible, and we will elect him as examiner for the occasion; in that way you will be all right." We do not see how there could be a waiver, where the members and the lodge proceeded in direct violation of the laws of the defendant, and where defendant promptly disavowed their acts. Nor can it be said that the lodge, or its financier, was anything more than a special agent of defendant, with defined powers which were known to the members. The law of defendant on the subject reads as follows: "The officers of subordinate lodges shall be, and they are, the agents of the members of the lodge to which they belong, in the transaction of all the official business required of them by this constitution, and are not the agents of the grand lodge."

But, as the agent of defendant, the financier of the lodge could not exceed his authority, and the requirement of re-examination before reinstatement was known to all members and the agent. Marshall knew the laws, for he was once reinstated after a medical examination. The action of the financier and the lodge was in direct violation of the defendant's laws, and neither the agent nor the lodge had the power to waive these laws, for they became essential elements of the contract with Marshall. (*Bograefe* v. *Knights of Honor*, 22 Mo. App. 127;

*Harvey* v. *Grand Lodge,* 50 Mo. App. 472; Bacon on Benefit
Societies, sec. 148.)    There is reason in the law of defendant.
The assessments to meet death claims are levied throughout
the state, and all subordinate lodges must contribute.    All the
lodges are pecuniarily interested in having the laws enforced.
An individual lodge might be willing to waive a law in order
to secure a benefit to one of its own members when other
lodges would object.    Appellant cites numerous cases of a
somewhat similar character, where the association was held to
have waived the requirements of its laws.    But they appear
to be cases where the grand body has by its conduct or by acts
ratified the acts of the subordinate lodge, or has in some way
waived the particular by-law or provision of its constitution
in question.    There are cases where the delinquent assessments
had been paid, and before the time for reporting payments
arrived, the member died; others, where the grand body had
received the money and retained it until after the death of the
member; others, where the grand body had received the
money and retained it after notiee of some misrepresentation
made in the application for membership; others, where pay-
ment of a particular assessment was received and accepted
subsequent to a previous assessment that had not been paid.
But in all of them there was either waiver by some action or
some failure to act on the part of the grand lodge, or there
was some action by the local lodge which the grand lodge rati-
fied upon learning of it.    In no cases where the grand body
promptly disavowed the illegal act of the subordinate body
while the insured member was still living, and had an oppor-
tunity to comply with the laws of the society, and failed to do
so, can we find that the courts have applied the rule as to
waiver.    Indeed, on principle, we do not see how it could be
done without endangering the success of the entire scheme of
insurance in which all members are interested.    The require-
ment of re-examination is a reasonable one, and we think is
an essential element of the contract, made so by the laws,
which cannot be disregarded by any individual lodge, or by
the insured member under suspension.

There is no element of estoppel involved in the case.    Mar-
shall was in no way misled or induced by defendant to change
his position to. his injury.    He, as well as the lodge to which
he belonged, knew when he paid the assessments it could not re-
instate him without their being accompanied by the certificate

and report of the medical examiner and the approval of defendant. His only hope was that the defendant would accept payment and waive the re-examination. He waited from March 29th, when he became suspended, until August 15th, before making payment, which was promptly refused when reported to defendant, and was at once notified, and he did not die until two months later. But he failed meanwhile to comply with the laws of the society. The fact that the local lodge retained the money until Marshall died does not affect the case. Marshall was in the country, and an offer was made to return the money to Mrs. Marshall, who refused to receive it. Besides, the financier was in correspondence with Marshall up to a time near the latter's death, endeavoring to have the laws complied with, which will account for the money being in the financier's hands when Marshall died.

It is advised that the judgment and order be affirmed.

Haynes, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the judgment and order are affirmed.

McFarland, J., Temple, J., Henshaw, J.