[Sac. No. 1112.   Department One.—February 2, 1905.]

## ROXANNA L. BUTLER, Appellant, v. THE GRAND LODGE OF ANCIENT ORDER OF UNITED WORKMEN OF CALIFORNIA, Respondent.

BENEFIT SOCIETIES—LAWS PART OF CONTRACT—ASSESSMENT—SUSPEN-SION OF CERTIFICATE—DEATH BEFORE RENEWAL—PAYMENT INSUF-FICIENT.—The laws of a benefit society are part of the contract; and where the laws of a fraternal order provided for the payment of assessments for death losses and for a suspension of the benefit certificate by the fact of non-payment of an assessment and for renewal thereof upon conditions including payment of all assessments reported to the lodge, and a majority vote declaring the certificate renewed, no action can be maintained by the beneficiary upon a certificate suspended *ipso facto* for non-payment of assessments, and not renewed as provided by the laws of the order, notwithstanding payment of all assessments as required and the death of the member before the renewal could be completed.

APPEAL from a judgment of the Superior Court of Sacramento County.   Peter J. Shields, Judge.

The facts are stated in the opinion of the court.

Bruner & Bros., and Joseph Abrams, for Appellant.

William H. Jordan, and D. S. Hirshberg, for Respondent.

ANGELLOTTI, J.—This is an action to recover upon a beneficiary certificate issued by defendant corporation to Stephen W. Butler, and payable to plaintiff, his wife, upon his death.

Defendant is a corporation, fraternal in character, organized for the promotion of the welfare of its members, and for the protection of their families.   It has numerous subordinate lodges under its jurisdiction and control.

Said Butler was at the time of his death, December 15, 1898, a master workman degree member of a subordinate lodge of defendant, known as Sacramento Lodge No. 80, and had been such a member for many years.   There had been in July, 1885, issued to him as such member by defendant the beneficiary certificate in suit.   This certificate stated that as such member

he was entitled to participate in the beneficiary fund of the order to the amount of two thousand dollars, payable upon his death to his wife, the plaintiff. The certificate stated that it was issued upon the express condition that he should in every particular, while a member of the order, comply with all the laws, rules, and requirements thereof. In his application for such certificate Butler stated that such compliance was the express condition upon which he is to be entitled to participate in such beneficiary fund. The law relating to such fund provided that upon the death of a member in good standing his nominee should be entitled to receive therefrom the amount due under the certificate, provided that said member had fully complied with all the laws, rules, and regulations of the order, and particularly with the conditions relative to the payment of assessments. The beneficiary fund referred to was one created and kept in existence by contributions from all the members of the order, made at such times as the said order by its laws and regulations required, and denominated "assessments," and was under the exclusive control and management of defendant grand lodge. From this fund is paid the amounts due on all beneficiary certificates.

The laws of the order provided for the assessment of all the members for the purpose of paying death-losses. According thereto, when an assessment was levied, it was payable on or before the twenty-eighth day of the month, and if not then paid it became delinquent. The law provided as follows, viz:—

"Sec. 42, t.   *Suspension of members for non-payment.*— The beneficiary certificate of each member who has not paid such assessment or assessments to the financier of his lodge, *the only authorized officer to receive and receipt for all assessments and dues,* on or before the 28th of said month, shall by the fact of such non-payment to said financier, stand suspended, and no action upon the part of the lodge, or any officer thereof, shall be required as essential to such suspension."

It was further provided as follows in section 42, *u* and *w*:—

"*u. Renewal of beneficiary certificate within three months.* —Any beneficiary certificate suspended by reason of nonpayment of assessments thereon may be renewed, if the mem-

ber be living, at any time within a period of three months
from the date of such suspension upon the following condi-
tions and none other; that is to say:

"1. All assessments that have been made during that time,
including the pending assessments, shall be paid, and also any
relief fund assessments due.

"2. This fact shall be reported to the lodge at a stated
meeting.

"3. The lodge may, by a majority vote, declare said cer-
tificate renewed. When all these conditions have been com-
plied with, the beneficiary certificate shall be held as renewed
and in full force, and not before. Should the lodge refuse to
renew said certificate, all moneys paid (as provided in sub-
division 1) shall be returned to the member immediately,
and no other application shall be entertained for the period
of six months.

"*w. Agency of officers.*—The officers of subordinate lodges
shall be and are the agents of the members of the lodge to
which they belong, in the transaction of all the official busi-
ness required of them by this constitution, and are not the
agents of the grand lodge."

On November 1, 1898, defendant regularly levied and gave
notice of an assessment upon all of its members. This assess-
ment became delinquent on November 28, 1898. Butler failed
to pay the same. After the same had become delinquent,—
namely, on December 12, 1898, as stated by appellant,—
plaintiff, acting for Butler, paid to the financier of said
Sacramento Lodge, at his place of business, the amount of
the assessment, together with the amount of a subsequent
assessment which had accrued. Subsequent to such payment
to said financier, and prior to the next meeting of Sacramento
Lodge,—namely, on December 15, 1898,—Butler died. The
facts of the payment to the financier and the death of Butler
were reported to said lodge at its next meeting succeeding
the receipt by such officer of the money, but the lodge did not
at such meeting, or at any other meeting, by a majority vote,
declare such certificate renewed.

The trial court found that by reason of the failure to pay
the assessment on or before November 28, 1898, the beneficiary
certificate of Butler became suspended, and was never rein-
stated in the manner provided by the laws of defendant, and

that by reason of such suspension, plaintiff was not entitled to participate in the beneficiary fund.

Judgment, therefore, went for defendant, and plaintiff appeals therefrom, upon the judgment-roll. The findings of the trial court disclose the facts hereinbefore stated.

The laws of defendant constituted a part of the contract between Butler and defendant. The plain effect of those laws was to make the right of a member to participate, through his nominee, in the beneficiary fund dependent upon the standing of his beneficiary certificate at the time of his death. It is admitted by appellant that under these laws, Butler's failure to pay the November assessment on or before November 28, 1898, had the effect of suspending his beneficiary certificate. No action upon the part of the lodge, or any officer thereof, was essential to such suspension, but the failure to pay, *ipso facto,* operated as a suspension. Such was the plain provision of defendant's law. (See *Marshall* v. *Grand Lodge,* 133 Cal. 686; *Carlson* v. *Supreme Council,* 115 Cal. 466, 474; Bacon on Benefit Societies, sec. 385.) He had failed to comply with all the laws, rules, and regulations of the order, and the effect thereof was, under his contract, suspension of his certificate. While Butler was still a master workman degree member, as found by the court, he was no longer a member entitled to participate in the beneficiary fund, and could not, under the terms of this contract, become entitled to so participate, until his suspension had been set aside and his certificate had been renewed *in conformity with the rules of the order.* (Bacon on Benefit Societies, sec. 385; *Carlson* v. *Supreme Council,* 115 Cal. 466, 474; *McDonald* v. *Chosen Friends,* 78 Cal. 49, 54.)

The question, then, is as to whether the suspension had been so set aside and the certificate renewed at the time of his death. The laws of the defendant prescribe the conditions essential to reinstatement and renewal in plain and unequivocal language. There must be not only payment by the delinquent of all assessments to the financier of the lodge, but, such payment having been reported to the lodge at a stated meeting, there must be a majority vote of the lodge declaring such renewal. The law of the order, which was the contract of the parties, declared that "when all these conditions have been complied with, the beneficiary certificate shall be held as renewed and in

full force, and not before." The affirmative vote of the lodge declaring a renewal is expressly made as essential to a renewal, as is the payment of the assessments, and until such vote there is no renewal. It was entirely within the power of the parties to agree as to the terms and conditions of reinstatement. The question in such case is as to what the agreement of the parties was, and where the language of the agreement is clear and unequivocal, the courts have no choice but to enforce the contract as it is written. The agreement here was, that the certificate should be held as renewed only when the lodge by a majority vote declared it renewed, and not before. As Butler died before the first meeting of the lodge following the payment to the financier, it seems very clear that the suspension of his certificate had not been set aside at the time of his death.

It is declared by Mr. Bacon, in his work on Benefit Societies, that the view generally sustained by the authorities is, that where a suspension attaches by operation of law, upon an event named, and the member dies before the suspension has been set aside, there can be no recovery upon his benefit certificate (sec. 385), and, further, that "If a member neglects to become reinstated during his lifetime, he cannot be reinstated after his death, though the period in which he might be reinstated, if living, has not expired." (Sec. 385b.) In *Carlson* v. *Supreme Council*, 115 Cal. 466, 474, this court said that these views were sustained by the authorities, and held that where the sole condition of reinstatement was payment of arrearages within sixty days, and the member failed to avail himself of that right, and died before the expiration of the sixty days, he could not be reinstated after his death. In the case at bar the member failed to make the necessary payments in time to enable the lodge to act prior to his death upon what was in effect his application for reinstatement of his certificate. Such action by the lodge, as we have seen, was essential to such reinstatement, and there having been no opportunity for the lodge to act prior to his death, he died before the suspension had been removed. It is entirely immaterial here what would have been the situation had Butler lived until the meeting of the lodge, and it had arbitrarily refused to restore him, or had arbitrarily refused to take any action in his case. Under the terms of the contract, there

could not possibly be a reinstatement of the certificate prior to the stated meeting of the lodge following the payment.

The provisions of defendant's laws already quoted show very clearly that it was the express agreement of the parties that a beneficiary certificate could be reinstated and renewed only *during the life of the member*. The language is, that it "may be renewed, *if the member be living* . . . upon the following conditions and none other; that is to say," and then follows, in three separately numbered paragraphs, the enumeration of the various conditions already specified, including the report to the lodge at a stated meeting and the declaration of renewal by the lodge by a majority vote. The phrase "if the member be living" applies with equal force to each of the specified conditions, and it was thereunder essential to the renewal of the certificate by the lodge that the member be living at the time the renewal is effected and the certificate reinstated.

As stated before, the question as to what would have been the situation had Butler lived until the first meeting of the lodge following payment to the financier, is immaterial here. It may be conceded, purely for the purposes of this case, that the lodge could not then have arbitrarily refused to take action on his application or renew his certificate. As to this, we express no opinion. If, however, this be so, and the time had arrived during Butler's life when the lodge could and should have taken such action as he was entitled to under his contract, looking to a renewal of the certificate, and had failed to so do, it may be that it could be held that he had, at the time of his death, acquired rights which could be enforced by his beneficiary after his death. This conclusion would, however, have to be based upon the theory that his certificate was in effect reinstated before his death, and was in full force at that time. In such case it may be that his death prior to the formal declaration that he was entitled to have been reinstated during his life could not affect the right of his beneficiary to recover. Such a case was that of *Van Houten* v. *Pine*, 38 N. J. Eq. 72. In support of their contention that the death of Butler prior to the first meeting of the lodge at which the renewal could be effected is immaterial, counsel for appellant cite several cases. Those cases generally are not applicable under the facts of this case. In *Connolly* v. *Ma-*

*sonic Mutual Benefit Association,* 58 Conn. 558,[1] the question
was as to whether the deceased had been legally suspended
from the Masonic lodge, good standing in which was essential
to any right under a benefit certificate, and the decision of
the grand master declaring the suspension illegal, and revers-
ing the judgment of the lodge, was not rendered until after
the death. It was held that the death produced no change in
the rights of the plaintiff to have the suspension set aside if
it was illegal. Substantially similar in principle is the case of
*Marck* v. *Supreme Lodge,* 29 Fed. 896. Our own case of *Ber-
lin* v. *Eureka Lodge K. P.,* 132 Cal. 294, was a case involving
the question as to what amount of sick benefits had become
due Berlin under the by-laws of the lodge, and it was held
the death of Berlin pending his appeal to the grand lodge
from the determination of his lodge did not affect the right
of his representatives to have the appeal determined upon
its merits, and that if the order refused to decide the matter
upon the merits, they could appeal to the courts. Such cases
all have reference to the determination as to the *status* exist-
ing at the date of death, and do not in the slightest degree
support the theory that there can be a *reinstatement* after
death. The ruling in *Jackson* v. *Northwestern Mutual Relief
Association,* 78 Wis. 463, was based upon the conclusion that
the insured was reinstated prior to death. The case of *Grand
Lodge* v. *Lachmann,* 199 Ill. 140, was decided upon a question
of waiver. We cannot assent to what is said in the opinion
purely by way of argument as to the vote of reinstatement
by the lodge. The trouble with the plaintiff's case is, that at
the time of the death of her husband his beneficiary certificate
had been suspended, and there had then been no reinstate-
ment thereof. That was the *status* at the time of his death.
Under the contract, there could be no reinstatement after
death.

It is urged that the findings show that the lodge failed to
take any action whatever after the death of Butler in rela-
tion to the matter of renewal, but retained the money paid,
and that this constituted a waiver of the suspension on the
part of defendant.

If it be conceded that the findings show that the lodge did
not take any vote upon the question of renewing the cer-

---

[1] 18 Am. St. Rep. 296, and note.

tificate, we do not see that it can avail plaintiff. His death having occurred prior to such meeting, the lodge was not authorized to renew the certificate. The proceedings for a renewal had ended with the death, and the failure of the lodge to say that it would not do what it could not do under the law and the contract cannot be held to indicate any intention on the part of the lodge to waive any rights of the defendant, even if the lodge could have waived any of such rights. (See *Marshall* v. *Grand Lodge,* 133 Cal. 686.)   Nor could such failure to act prejudice plaintiff in the slightest degree. An entirely different question would have been presented if Butler had been alive at the time of the meeting.

What became of the money properly received by the financier of the lodge during the life of Butler does not appear in the findings. There is nothing therein to compel the conclusion that it was retained by the lodge or forwarded to the grand lodge and retained by it. There is nothing in the facts specified in the findings to indicate any waiver by either the subordinate or grand lodge, and we cannot assume the existence of facts in this behalf that are not shown. The findings, as they stand, cover all the issues and fully sustain the judgment. It is found that Butler did not comply with all the laws relative to the payment of assessments, and that his beneficiary certificate was, by reason thereof, suspended, and never reinstated during his lifetime, or at all. The more specific findings relied on by appellant are entirely consistent with this.

The judgment is affirmed.

Shaw, J., and Van Dyke, J., concurred.