[Civ. No. 868.   First Appellate District.—October 27, 1911.]

## MATHILDE VALENTINE, Respondent, v. GRAND LODGE OF ANCIENT ORDER OF UNITED WORKMEN OF CALIFORNIA, Appellant.

BENEFIT SOCIETIES—FRATERNAL ORDER—BENEFICIARY CERTIFICATE—CONDITION FOR PAYMENT OF DUES—FORFEITURE FOR NONPAYMENT.—Where by the laws of a fraternal order of which deceased was a member, and from which he had obtained a beneficiary certificate payable to the plaintiff, as well as by the terms of his application therefor, each member was required to pay all assessments and lodge dues on or before a designated day in each month, and by nonpayment, the beneficiary certificate was to stand suspended, without action on the part of the lodge or any officer thereof, the failure of such member to pay the monthly assessments and dues on or before the designated day *ipso facto* forfeited all rights under the beneficiary certificate. The application for the indorsed certificate was part of the contract.

ID.—FAILURE OF MEMBER TO PAY DUES FOR SIX MONTHS—ORDER OF SUSPENSION—VALIDITY IMMATERIAL — FORFEITURE OF CERTIFICATE NOT AFFECTED.—Where by the laws of the order a member was to be suspended upon his failure to pay monthly dues for a period of six months, and an order of suspension was made thereunder, it is immaterial to inquire as to the validity of such order of suspension

upon an appeal involving only the forfeiture of rights under the beneficiary certificate, which is unaffected by such order of suspension.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

D. S. Hirshberg, for Appellant.

Edmund Tauszky, for Respondent.

HALL, J.—This is an appeal from a judgment in favor of plaintiff and against defendant for the sum of $1,247.20, being the amount of the principal and interest of a beneficiary certificate issued by defendant to Jacob Valentine in his lifetime, and payable on his death to plaintiff.

The appeal comes to this court upon the judgment-roll, and the appellant contends that on the facts found the judgment should have been for defendant.

From the facts found it appears, among other things, that defendant is, and for more than thirty years last past has been, a fraternal, charitable, beneficial and benevolent society, having for its objects, among other things, to pledge the members to the payment of a stipulated sum to such beneficiary as a deceased member may have designated, while living, under such restrictions and upon such conditions as the laws of the order may prescribe.

The defendant is a corporation organized as such under the laws of the state of California, and ever since the incorporation of defendant San Francisco Lodge No. 4 has been a subordinate lodge thereof under and within its jurisdiction.

Jacob Valentine became a member of the said lodge and the order in 1876, and the usual beneficiary certificate was issued to him, in the sum of $2,000, payable to L. Meyerstein.

In his application for membership in said lodge said Jacob Valentine agreed ''that compliance on my part with all the laws, regulations and requirements which are or may be enacted by said order is the express condition upon which I

am to be entitled to participate in the beneficiary fund, and to have and enjoy all the other rights, benefits and privileges of said order.''

Subsequently said Jacob Valentine surrendered this certificate and took out another, in which he designated the plaintiff, Mathilde Valentine, as the person to whom the $2,000 should be paid at his death.

Subsequently, in 1903, defendant adopted certain amendments to its constitution, whereby the assessments to be paid to the beneficiary fund, by members holding beneficiary certificates, were increased, and in and by said amendments members fifty-five years of age and over were given the option of surrendering their certificates and taking out one of several different sorts of beneficiary certificates. Among these was one designated as Option No. 2, under which such members had the right: ''To surrender their certificate to be indorsed 'Paid up' for the amount of the reserve, if any (including the deficiency specified in these laws, if any), payable to the designated beneficiaries upon the death of the member, provided he remains in good standing to the time of his death, by the payment of such special assessments, Lodge dues (monthly), per capita taxes and extension funds of the order as may be levied.''

Jacob Valentine, being about seventy-three years of age, on the 1st of January, 1904, made written application for the indorsement of his certificate in accordance with Option No. 2.

This application contained the following provision: ''And the failure by me to pay interest on any loans heretofore made, or any amounts required of me either by this Option or by the laws of the order shall in such case forfeit all of my claims or those of my Beneficiary on account of said Certificate, the same as is provided by the laws of the said Grand Lodge for failure to pay any assessment for the Beneficiary Fund.''

His certificate was thereupon indorsed by the proper officers of defendant as follows: ''The amount payable at death as stated in this certificate is hereby reduced to $1,044.00 and indorsed for such amount (to be paid from the Guarantee Fund) in accordance with the provisions of Indorsed Cer-

tificate Option as defined in Option No. 2, and the application therefor of the member herein dated Jan. 1st, 1904,'' and duly returned to said Valentine.

The laws of the Grand Lodge (section 63) provided that ''The Beneficiary Certificate of each member who has not paid his assessment to the Financier of his lodge, the only authorized officer to receive and receipt for all assessments and dues, on or before the twenty-eighth day of each month, shall by the fact of such nonpayment to said Financier stand suspended, and no action upon the part of the lodge or any officer thereof shall be required as essential to such suspension.''

The said Jacob Valentine, under his reduced and indorsed certificate, was not required to pay any assessments until the 1st of October, 1906.

In August, 1906, defendant, by certain amendments to its constitution, in terms provided that each holder of a certificate such as was then held by said Jacob Valentine should pay to the financier of the lodge, on or before the twenty-eighth day of each month, a special assessment at the rate fixed for the holders of the ordinary certificates, based upon his attained age January 1, 1906, for a $1,000 beneficiary certificate, increased or diminished in the ratio that the indorsed value of his beneficiary certificate shall bear to the sum of $1,000.

The laws of the order and of the lodge to which said Jacob Valentine belonged required each member to pay into the funds of the lodge the sum of one dollar per month.

The constitution of the defendant in this connection provided that ''Any member who neglects or refuses to pay the dues as fixed by the by-laws of the lodge for the period of three months shall not be entitled to vote, nor to the S. A. Password, and shall be disqualified from holding office. Any member neglecting or refusing to pay for the period of six months shall be reported to the lodge by the Financier, and the Master Workman shall, unless otherwise directed by the lodge, thereupon declare such member suspended from the order.''

The said Jacob Valentine paid none of the so-called special assessments required by the amendments to the constitution

of defendant adopted August, 1906, and paid no lodge dues for any month subsequent to March, 1906.

He died November 5, 1906.

The contention of appellant is that all rights under the beneficiary certificate held by Jacob Valentine were lost, first, by his failure to pay the special assessment required by the amendments to the constitution of August, 1906, to be paid monthly by him; and second, by his failure to pay the dues for each month subsequent to March, 1906, up to the time of his death.

In answer to the first contention respondent contends that the so-called special assessment was not in fact a special assessment. That as it was required to be paid monthly it was in fact and in law a regular assessment, and as such was not such an assessment as could be exacted of said Jacob Valentine under the terms of his contract with defendant, which it is claimed subjected him only to the payment of such "*special assessments* . . . as may be levied."

We do not think it necessary to determine this point, for we are of the opinion that all rights under the certificate held by Jacob Valentine were forfeited by his failure to pay lodge dues.

Section 63 of the constitution of defendant provided that "The Beneficiary Certificate of each member who has not paid his assessment to the Financier of his lodge, the only authorized officer to receive and receipt for all assessments and dues, on or before the twenty-eighth day of each month, shall by the fact of such nonpayment to said Financier stand suspended, and no action upon the part of the lodge or any officer thereof shall be required as essential to such suspension."

Under this law of the defendant the failure to pay assessments on or before the designated day *ipso facto* forfeited all rights under the beneficiary certificate. (*Butler* v. *Grand Lodge of Ancient Order of United Workmen of California*, 146 Cal. 172, [79 Pac. 861] ; *Marshall* v. *Grand Lodge A. O. U. W.*, 133 Cal. 686, [66 Pac. 25] ; *Carlson* v. *Supreme Council etc.*, 115 Cal. 468, [47 Pac. 468, 35 L. R. A. 643].) The written application for the reduced certificate made by said Jacob Valentine, and dated January 1, 1905, provided that

"the failure by me to pay interest on any loans heretofore made, or any of the amounts required of me either by this option or by the laws of the order, shall in such case forfeit all of my claims or those of my Beneficiary on account of said certificate the same as is provided by the laws of the said Grand Lodge for failure to pay any assessment for the Beneficiary Fund."

The certificate was thereupon indorsed and the amount reduced to $1,044 "in accordance with the provisions of Indorsed Certificate Option as defined in Option No. 2, and the application therefor of the member herein named, dated Jan. 1st, 1904."

The application for the indorsed certificate was a part of the contract. Both Option No. 2 and the laws of the order required the member to pay monthly lodge dues. His contract with the defendant provided that his failure to pay any of the amounts required of him either by Option No. 2, or by the laws of the order, should in such case forfeit all his claims or those of his beneficiary on account of his certificate, *the same as is provided by the laws of the said Grand Lodge for failure to pay any assessment for the beneficiary fund.*

In other words, the forfeiture occurred upon the failure to make the payments when due, and no action upon the part of the lodge, or of any officer thereof, was required as essential to such suspension. In any aspect of this case the monthly dues for the months of April, May, June, July, August, September and October had become due and payable before the death of the member, and he had failed and neglected to pay the same or any part thereof, though all were delinquent before he died.

On October 3, 1906, the financier of the lodge reported to the lodge that said Jacob Valentine had neglected to pay dues for the period of six months, and the master workman thereupon declared said Jacob Valentine suspended from the order.

The validity of this order of suspension from the order is attacked by respondent for various reasons which we do not deem necessary to discuss, for as we view the contract involved in this case, the forfeiture of rights under the cer-

tificate is quite a different matter from suspension from the order. A member may forfeit his rights under his beneficiary certificate without being suspended from the order. The provisions for suspension from the order for nonpayment of dues do not control the special provisions of the contract hereinbefore adverted to relating to the forfeiture of rights under the beneficiary certificate involved in this case.

The facts of this case differ materially from the facts in the case of *Scheufler* v. *Grand Lodge etc.*, 45 Minn. 256, [47 N. W. 799], cited by respondent. In that case there was no provision of the contract making the provisions for forfeiture of rights under the beneficiary certificate applicable to the case of failure to pay dues. The case is not in point.

Under the contract invoked in this case the failure to pay lodge dues operated a forfeiture of rights under the certificate the same as would a failure to pay assessments without any action upon the part of the lodge or any officer thereof.

On the facts found the plaintiff was not entitled to recover.

The judgment is reversed, and the court directed to enter judgment on the findings for defendant.

Lennon, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 25, 1911.