[Civ. No. 10811. First Appellate District, Division Two.—March 16, 1939.]

ALMA KILLIAN (a Widow), Respondent, v. CONSELHO SUPREMO DA UNIAO PORTUGUEZA DO ESTADO DA CALIFORNIA, Appellant.

Louis B. De Avila and C. W. White for Appellant.

Raymond Salisbury for Respondent.

NOURSE, P. J.—Plaintiff's deceased husband was insured in the defendant organization holding a fraternal life policy calling for monthly payment of premiums, or dues. For many months prior to his death the deceased was in arrears in his payments due to illness and lack of employment. Some of these payments were voluntarily advanced by the secretary of the local lodge or "subordinate council", apparently without the knowledge of the deceased. As late as October, 1932, the deceased deemed himself automatically suspended from the order and the consequent forfeiture of his insurance by reason of the provision of the constitution reading: "Every member that will not pay his respective contributions and dues up to the last day inclusive of the month in which they are levied or must be paid, becomes *ipso facto* suspended of all the benefits of the U. P. E. C."

On December 23, 1932, deceased was taken to a hospital suffering a serious illness from which he died on the 27th of that month. On December 24th his sister-in-law and son appeared at the office of the secretary of the local council and left a check with him covering all dues owing by deceased. The appropriate amount was transmitted to the supreme council, which refused to accept it on the ground that the deceased had forfeited his rights in the order by reason of the conditions in the constitution reading: "Any member suspended for debt may be reinstated within the period of three months, counting from the date of the suspension, by the majority of the votes of the assembly in regular meeting by the Council, by paying to the Council not only everything that he was owing before the suspension, but also the assessments and dues which accrued during suspension. After three months, and not exceeding six of said suspension, he must present a medical certificate which shall be submitted to the Supreme Medical Examiner; he must pay fifty cents for the examination of the Medical Certificate by the Supreme Medical Examiner; and must also receive two-thirds of the vote present at a regular meeting. After all these requisites have been complied with, he will be reinstated."

It is conceded here, and was so found by the trial court, that the deceased was automatically suspended from all benefits of the contract by reason of the terms of the constitution, that he was in arrears for more than three months, that he was not reinstated by a majority, or any vote, of the local council, and that he did not tender a medical certificate or pay the required fee for a medical examination.

It is the contention of the appellant that the conditions of the contract are clear and unambiguous, and that they can be waived only in the manner therein provided; that the secretary of the local council was an agent for collection only, and was without power to waive any of these conditions. They rely upon *Valentine* v. *Head Camp, P. J. W. O. W.,* 180 Cal. 192 [180 Pac. 2, 3 A. L. R. 380] ; *Marshall* v. *Grand Lodge, A. O. U. W.,* 133 Cal. 686 [66 Pac. 25] ; 19 Cal. Jur. 472.

Respondent contends in support of the judgment that the appellant is estopped because its agent accepted payment of premiums after the suspension and forfeiture. There are two equally sound answers to the argument—first, the agent had no authority to waive the forfeiture, and this was well known to the insured, and second, the essential elements of an estoppel are lacking. ''One relying on a plea of estoppel must have been ignorant of the true state of facts and must have been intentionally misled by the act of the other to his injury. (10 Cal. Jur., pp. 636, 637; 10 R. C. L., pp. 696, 697; *Maggini* v. *West Coast Life Ins. Co.,* 136 Cal. App. 472 [29 Pac. (2d) 263].)'' (*Moss* v. *Underwriters' Report, Inc.,* 12 Cal. (2d) 266 [83 Pac. (2d) 503] ; *Rice* v. *California-Western S. L. I. Co.,* 21 Cal. App. (2d) 660, 669 [70 Pac. (2d) 516].)

For the same reasons the contention that appellant waived the conditions of the contract must fall. The primary essentials of a waiver are conclusively found to have been lacking—knowledge and intent. Even if we assume that the local agent had authority to waive these conditions, the undisputed evidence is that, at the time of the payment of the arrears, neither he, the son of deceased, nor the sister-in-law who paid the premiums had knowledge of the deceased's inability to present a medical certificate because of his serious illness. The undisputed evidence is that the supreme council did not at any time know that the deceased

was in arrears in his premiums, that he had been automatically suspended, that there had been an attempt to reinstate him, that he was at that time in a hospital with a fatal illness, or that he had failed to comply with the conditions of the contract in seeking reinstatement. With no knowledge of these facts there could be no waiver, and because of this the essential element of intent in the waiver is lacking. It is said in *Alden* v. *Mayfield*, 164 Cal. 6, 11 [127 Pac. 45]: "But waiver always rests upon intent. Waiver is the intentional relinquishment of a known right after knowledge of the facts. (*Silva* v. *Campbell*, 84 Cal. 420, 422 [24 Pac. 316].)"

The findings that all conditions of the contract had been kept and performed by deceased, that the supreme council accepted the payment of arrears in dues and entered them as paid on its books, and that the deceased had at no time been notified of his suspension, are all contrary to all the evidence in the record and are not supported by any evidence, direct or indirect. These findings are not defended by respondent. The finding that the deceased had not presented a medical certificate as required by the constitution and that he was not reinstated by vote of the organization is supported by substantial evidence which is not controverted. Respondent's case rests upon a futile attempt to reinstate deceased after his voluntary forfeiture of his rights under the contract, and is not supported by any evidence which would sustain a judgment.

The judgment is reversed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on April 15, 1939, and an application by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 15, 1939.