[Civ. No. 11546. First Appellate District, Division Two.—December 13, 1940.]

MERCER CASUALTY COMPANY (a Corporation), Appellant, v. SAM N. LEWIS et al., Respondents.

Elbert E. Hensley and John H. Klenke for Appellant.

W. O. Wanzer, R. G. Akers and C. Ranson Samuelson for Respondents.

NOURSE, P. J.—Plaintiff sued for declaratory relief and to have cancelled a policy of insurance issued to defendant Lewis covering an automobile. Defendant Collins was the victim of an accident in the operation of the vehicle, and he had recovered a judgment for damages against Lewis. Judgment herein went for the defendants.

The material facts are undisputed. Lewis purchased the vehicle from McKenzie through a salesman on a conditional sales contract. The salesman suggested to Lewis that he should have the vehicle insured. With Lewis's consent the salesman orally requested McKenzie to obtain a policy. McKenzie was also operating as an insurance broker. An application was prepared by an employee of McKenzie and

forwarded to another broker who prepared a policy of insurance which was executed by the plaintiff. This policy was forwarded to McKenzie and delivered to Lewis. The policy was executed without any written application by the insured, and no inquiries were made prior to its execution of the insured or of McKenzie. All the so-called warranties were inserted in the policy by plaintiff or its agents without consultation with the insured or McKenzie. The written policy was not examined or read by either of the latter. The gravamen of plaintiff's case is that there was a breach of material warranties rendering the policy void.

██ The case is simple because of the settled doctrine that a party must win or lose on the case made out by him in the trial court. ██ Here the appellant has relied upon charges of misrepresentation in the inception of the contract which it claims to be void *ab initio* because of such "fraud." The appellant's proof is that there were no representations at all by the insured, or by anyone acting for him. The proof is that what is relied on as misrepresentations came into the contract wholly through the acts of appellant and its agents without proper, or any, investigation. In a similar case it was said in *Davern* v. *American Mut. Liability Ins. Co.*, 241 N. Y. 318 [150 N. E. 129, 131, 43 A. L. R. 522], "obviously there can be no misrepresentation where there was no representation, and there can be no breach of warranty without warranty."

██ Appellant seeks to avoid this difficulty by the argument that the insured is estopped by his conduct in accepting the policy without objection to the misleading "warranties" inserted by Mercer. The evidence is that the policy was filed without reading. No evidence was offered to show that Lewis or his agents had any knowledge of what Mercer had inserted in the policy. In a similar case this court held there was no estoppel under such circumstances. (*Ames* v. *Employers Casualty Co.*, 16 Cal. App. (2d) 255, 266 [60 Pac. (2d) 347].) We then quoted from *McElroy* v. *British Am. Assur. Co.*, 94 Fed. 990 [36 C. C. A. 615], as follows: "An insured has the right to rely on the presumption that the policy he receives is in accordance with his application, and his failure to read it will not relieve the insurer or its agent from the duty of so writing it." The reason for the rule is apparent. The insurer had the opportunity to follow the usual practice and require a written application signed by

the insured. If at the time the policy was written it deemed these matters material it could have made inquiries since the policy was not delivered until nearly two weeks after the application was made. Again there was ample time for such investigation and a cancellation of the policy before the accident occurred. All these circumstances would support the inference that the insurer did not deem these matters material at the time or that it waived them. In any event there is ample support for the trial court's finding that there were no fraudulent misrepresentations which would void the policy, and that the representations inserted in the policy by the insurer were not ratified or confirmed by the insured through his failure to read the policy and notify the insurer that the so-called warranties were not true.

Appellant argues that, by the conduct of Lewis, both respondents are estopped to assert that the warranties are not those of Lewis. Knowledge and intent are essential elements of estoppel and both are lacking here. (10 Cal. Jur., pp. 636, 637; 10 R. C. L., pp. 696, 697; *Killian* v. *Conselho Supremo, etc.,* 31 Cal. App. (2d) 497, 499 [88 Pac. (2d) 214].)

Criticism of the judgment is directed to the charges that respondent Lewis failed to comply with the terms of the policy relating to notice of the accident out of which the Collin's judgment arose. The point is not available because appellant renounced the policy and denied liability thus waiving any claim that notice of the accident was insufficient or not within time. (Secs. 553, 554, Insurance Code; *Grant* v. *Sun Indemnity Co. of N. Y.,* 11 Cal. (2d) 438, 440 [80 Pac. (2d) 996].)

The point that the cross-complaint upon which Collins had judgment herein was prematurely filed is not tenable. The Collin's judgment against Lewis for damages arising out of the accident was entered September 27, 1937. It became final on November 26, 1937. The cross-complaint of Collins was filed in this case on October 25, 1937. The trial herein was begun on December 14, 1937, and the judgment entered May 25, 1938. The cause was for declaratory relief and hence in equity. It is a settled rule that a court of equity having jurisdiction of the parties and of the subject matter will make a final disposition of the litigation governed by the circumstances as they are shown to

exist at the time the decree is made rather than at the inception of the litigation. (19 Am. Jur., pp. 281, 283.) Furthermore if the pleading of the judgment was insufficient that was so merely because the pleading was prematurely filed. When the point was first called to the attention of the trial court it was the duty of the trial court to continue the proceedings until such time as the pleading might properly be filed. (*Leggate* v. *Porter,* 26 Cal. App. (2d) 545 [79 Pac. (2d) 756]; *Smith* v. *Smith,* 134 Cal. 117 [66 Pac. 81]; *Dodge* v. *Superior Court,* 139 Cal. App. 178, 181, 182 [33 Pac. (2d) 695, 34 Pac. (2d) 501].) At such later date the pleading could have been properly filed. Such was the situation when the judgment was offered in evidence. It follows that the only possible injury suffered by the plaintiff was that the pleading was filed about thirty days too soon, and a continuance for that period of time was not ordered. Manifestly those facts did not prejudice the plaintiff's rights.

On a separate cross-complaint respondent Lewis had judgment against appellant for attorney's fees expended by him in defending the action of *Collins* v. *Lewis.* Appellant argues that this judgment was improper because Lewis failed to comply with its demands for cooperation. Both parties offered evidence on this issue, and the trial court found the facts in favor of Lewis. There is nothing here but a conflict upon a controversial issue of fact and appellant's attack cannot be sustained. The charge that the award made by the trial court is excessive is met by the same answer— that substantial evidence was offered to support the judgment. (*Stuart* v. *Preston,* 2 Cal. App. (2d) 310, 317 [38 Pac. (2d) 155].)

The final point raised by appellant that "as to defendant Collins the subject matter was *res adjudicata*" does not present a debatable question. It seems to have been thrown in at the end of the opening brief without any examination of the principles involved. Respondents' answer to the point raised is of the same character. The doctrine of "*res judicata*" is not new, and its application to particular circumstances is well settled. In a case of this type it is not sufficient to say that a prior judgment is deemed to have adjudicated the subject matter and to have put an end to the litigation, nor that this principle applies to a prior judgment even though erroneous. Here the point is that since

Collins joined the appellant as a party defendant in his action filed in the superior court to recover damages for injuries arising out of the automobile accident, and since the appellant's demurrer was sustained in that action, therefore the judgment in that case must be deemed conclusive against Collins on his cross-complaint in the pending litigation. The answer to the point is simple. The appellant became obligated to Collins under the terms of its policy issued to Lewis pursuant to the provisions of subdivision b (2) of section 11580 of the Insurance Code. ■ There being no provision in the policy providing that it should inure directly to the benefit of any injured person, no obligation rested on the insurer until judgment was secured against the insured. Until that contingency arose no right of action against the insurer accrued to the injured person. (Cal. Jur. Supp., vol. 2, pp. 145–147.) In sustaining the insurer's demurrer to that complaint the court could have held nothing more than that Collins at that time had no right to sue the insurer. The judgment in favor of the insurer which has been introduced in evidence in this case is an adjudication in full accord with the limitations of the Insurance Code; it is an adjudication that the plaintiff Collins had no right of action against the insurer until he had obtained judgment determining the liability of Lewis for the injuries suffered. The action against Lewis was one in tort. The action against the insurer was upon the contract, but the right to sue upon the contract did not accrue until the tort liability had been adjudicated.

For these reasons the judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 11, 1941, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 10, 1941. Edmonds, J., voted for a hearing.