# MICHAEL MILES, AND JOHN O'BRIEN v. JOHN McDERMOTT.

PUBLICATION OF NOTICE TO GRADE STREET.— A resolution of the Board of Supervisors of San Francisco declaratory of their intention to perform work on a street, need be published only ten days, Sundays included.

ISSUABLE AND PROBATIVE FACTS IN PLEADING.—Ultimate facts only, and not such as are probative, should be stated in pleadings.

SURPLUS WORDS IN PLEADING.—The words "duly," "wrongfully," and "unlawfully," when used in connection with issuable facts, while they do not vitiate a pleading, are surplusage, and had better be omitted.

APPEAL from the District Court, Twelfth Judicial District, City and County of San Francisco.

The plaintiffs contracted with the Superintendent of Streets in San Francisco to do work on Minna street. The defendant was the owner of a lot fronting on the street, which was assessed for its proportion of the expense, and this action was brought to recover the assessment.

The other facts are stated in the opinion of the Court.

*T. I. Bergin,* for Appellant. The notice was not published ten secular days, and the Board of Supervisors acquired no jurisdiction. (See *Campbell* v. *The International Insurance Co. of London,* 4 Bos. 309 ; *Pulling* v. *The People,* 8 Barb. 384.) A publication of ten days is a publication of ten secular days. The sixth subdivision of section twenty-five of the Consolidation Act, which requires all notices to be published ten days, Sundays excepted, in order to have full effect must be applied to the notice of intention mentioned in section four. (See *Price* v. *Whitman,* 8 Cal. 417.) Ordinances, publications, contracts, assessments, warrants, etc., are all alleged to have been duly made or passed without specifically alleging the particular facts to enable the Court to determine whether they were duly made or not. Whether they were duly made or passed, are questions of law to be solved by the Court upon the facts. The pleader, therefore, instead of averring his opinion that they were duly made should state the facts, so that the Court, whose province it is, can determine whether

the conclusion of law be correct or not. (*Graham* v. *Machado*, 6 Duer, 416 ; *Myers* v. *Machado*, 14 How. Pr. R. 149 ; *Dayton* v. *Connah*, 18 How. Pr. R. 326 ; *Kenney* v. *Osborne*, 14 Cal. 112 ; *Meeker* v. *Harris*, 19 Cal. 289.)

*C. H. Parker*, for Respondent. It will be noticed that the language of the Act is not that the publication shall be for ten days, but for a *period* of ten days ; and had the Legislature united the last provision with the first then the statute would have read : " Has been published for a *period* of ten days, daily, Sundays excepted." That is, the *period* of time over which the publication shall extend shall be ten days, but the publication during such period need not be made on Sundays. This, I submit, is the true construction of the statute.

By the Court, SANDERSON, J. :

Action for a street assessment. It comes here upon a demurrer to the complaint.

The first point is that the resolution of intention was not published for a period of ten secular days before the resolution directing the work to be done was passed, and that, therefore, the Board of Supervisors had acquired no jurisdiction in the premises at the time the latter resolution was adopted.

The point is not good. The same question arose in *Taylor* v. *Palmer, ante*, p. 240. We there held that intervening Sundays are to be counted in the computation of the ten days during which publication of the notice of intention is directed to be made.

It is next claimed that the complaint is fatally defective because its averments, as alleged, are in many respects conclusions of law rather than issuable facts.

This point rests upon the ground that the complaint in some instances avers that the act, with which it is at the time dealing, was " duly " performed, instead of simply averring that it was performed. A single example is sufficient to illustrate the ground of the objection and our views in relation to

it. The allegation in relation to the passage of the resolution of intention is as follows: "That on the 22d day of January, 1866, the Board of Supervisors of said city and county, deeming it expedient, duly made and passed a resolution," etc. It is claimed that this allegation presents a conclusion of law instead of an issuable fact, and that the pleader ought to have alleged the facts which show that the resolution was passed.

The ultimate or issuable fact in this connection is that the resolution was passed, and is therefore the only fact which the pleader is called upon to allege. The facts or acts which lie behind and transpired before or while the resolution was being passed are *probative*, and not only need not be alleged, but ought not to be alleged. If this were otherwise, every pleading would be compounded of ultimate facts or allegations, and the evidence of them in detail. Probative facts have no place in a pleading, and will be stricken out on motion. Omit the word "duly" from the allegation in question, and all cause for criticism is removed. Such words as "duly," "wrongfully" and "unlawfully," so frequently used in pleadings, might better be omitted. They tender no issue, and serve only to detract from that logical directness and simplicity of statement which ought always to be observed in a pleading. But while they do no good, and should not be used for the reason suggested, they do not vitiate the pleading, for they are but surplusage, and may be disregarded.

Judgment affirmed.