[Civ. No. 16288. Second Dist., Div. Two. July 14, 1948.]

WALTER METZENBAUM et al., Appellants, v. MURRAY METZENBAUM, Respondent.

Walter Metzenbaum, in pro. per., for Appellants.

Milton A. Krug for Respondent.

WILSON, J.—This is an appeal from a judgment of dismissal following plaintiffs' failure to amend after a demurrer to their second amended complaint had been sustained.

Plaintiffs contend that the court erred in sustaining the demurrers to the original complaint, to the amended complaint

and to the second amended complaint. ▮ Insofar as the demurrers to the first two of these pleadings are concerned, plaintiffs by amending them after the demurrers had been sustained waived error, if any, in the rulings of the court. (*Alhambra Transfer & Storage Co.* v. *Muse,* 41 Cal.App.2d 92, 93 [106 P.2d 63]; *Carter* v. *Canty,* 28 Cal.App. 323 [152 P. 312]; *Ganceart* v. *Henry,* 98 Cal. 281, 282 [33 P. 92].) The sole question for determination, therefore, is whether there was any error in sustaining the demurrer to the second amended complaint.

The material allegations of that complaint are that plaintiff Fanchon Metzenbaum is the owner and entitled to possession of an oil and gas royalty described as 21/32 of one per cent royalty interest in certain real property; that the legal title to the royalty is in the defendant Murray Metzenbaum, who has received monthly payments of the proceeds; that in August, 1943, defendant orally contracted and agreed with plaintiff [which one of plaintiffs is not stated] that the income from the royalty would be paid monthly by the defendant to the plaintiff for the benefit of Fanchon Metzenbaum; that this procedure was followed until in April and May, 1944, when defendant ''wrongfully'' pledged the royalty and used the income therefrom to partially repay the pledge; that in February, 1945, defendant ''wrongfully and without authority'' sold 13/32 of one per cent of the royalty and in the same month pledged 9/32 of one per cent, using the income therefrom to the extent of $3,000 to liquidate the pledge.

▮ Defendant demurred generally and upon the ground that the complaint is uncertain, ambiguous and unintelligible. Plaintiffs declined to avail themselves of the leave to amend. They must, then, stand upon their pleading as against all grounds and if the complaint is objectionable upon any ground the judgment of dismissal must be affirmed. (*California Trust Co.* v. *Cohn,* 214 Cal. 619, 623 [7 P.2d 297]; *Hendricks* v. *Osman,* 72 Cal.App.2d 465, 466 [164 P.2d 545]; *Veterans' Welfare Board* v. *Oakland,* 74 Cal.App.2d 818, 822 [169 P.2d 1000].)

▮ Upon appeal from a judgment rendered after refusal to amend a complaint to which a demurrer has been sustained, it must be presumed that the pleader has stated his case as strongly as it can be stated in his favor and all ambiguities and uncertainties must be resolved against him. (*Royal Insurance Co.* v. *Mazzei,* 50 Cal.App.2d 549, 555 [123 P.2d 586];

*Hauser* v. *Pacific Gas & Electric Co.*, 133 Cal.App. 222, 227 [23 P.2d 1068] ; *McIntyre* v. *Hauser,* 131 Cal. 11, 12 [63 P. 69] ; *Higgins* v. *Security Trust & Savings Bank,* 203 Cal. 398, 401 [264 P. 744].)

■ A plaintiff is required to set forth in his complaint the essential facts of his case with reasonable precision and with sufficient clarity and particularity that the defendant may be apprised of the nature, source and extent of his cause of action. (*Dunn* v. *Dufficy,* 194 Cal. 383, 391 [228 P. 1029] ; *Rannard* v. *Lockheed Aircraft Corp.,* 26 Cal.2d 149, 156 [157 P.2d 1] ; *Goldstein* v. *Healy,* 187 Cal. 206, 210 [201 P. 462] ; *Miller* v. *Pacific Constructors, Inc.,* 68 Cal.App.2d 529, 539 [157 P.2d 57].)

■ It is alleged in the complaint that Fanchon Metzenbaum is the owner of the royalty interest, the legal title being in the defendant. No facts are alleged from which it can be ascertained (1) whether the royalty interest involved is an interest in real property or otherwise, (2) whether this is a voluntary or an involuntary trust, or (3) whether the trust was created orally or in writing. ■ The only two ways by which a trust in relation to real property can be created are by an instrument in writing or by operation of law. (Civ. Code, § 852; *Sheehan* v. *Sullivan,* 126 Cal. 189, 192 [58 P. 543] ; *Borton* v. *Joslin,* 88 Cal.App. 515, 522 [263 P. 1033].) A trust created by operation of law is an involuntary trust (Civ. Code, § 2217) and an involuntary trustee is one who gains a thing by fraud, accident, mistake, undue influence, the violation of a trust or other wrongful act. (Civ. Code, § 2224.)

■ With respect to the alleged contract between defendant Murray Metzenbaum and plaintiff whereby defendant was to pay the income from the royalty to plaintiff for the benefit of Fanchon Metzenbaum, the complaint does not state facts from which it can be ascertained with which of the plaintiffs defendant entered into the agreement. If it were with plaintiff Walter Metzenbaum, there are no allegations as to the authority of Walter Metzenbaum to enter into such a contract or in what capacity he acted, whether as attorney or agent for Fanchon Metzenbaum. If defendant, who had legal title to the royalty interest, was holding the income therefrom as trustee for the benefit of Fanchon Metzenbaum he could not without authority enter into a valid agreement to pay such income to Walter Metzenbaum or anyone other than Fanchon.

754

■ Furthermore, it cannot be determined from the facts alleged in what manner the pledge of the royalty interest by the defendant was wrongful. An allegation that an act is wrongful and unlawful is a mere legal conclusion. (*McRae* v. *Blakeley*, 3 Cal.App. 171, 174 [84 P. 679].) ■ The words "duly," "wrongfully" and "unlawfully," when used in connection with issuable facts, while they do not vitiate a pleading, are surplusage, and had better be omitted. (*Miles* v. *McDermott*, 31 Cal. 271, 274; *Jones* v. *Alameda*, 85 Cal.App. 607, 613 [259 P. 976]; *Burlingame* v. *Traeger*, 101 Cal.App. 365, 369 [281 P. 1051].)

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.