[Civ. No. 17134.   Second Dist., Div. Two.   Feb. 23, 1950.]

WALTER METZENBAUM, Plaintiff and Appellant, v. MURRAY METZENBAUM, Respondent; ROSE METZENBAUM et al., Cross-defendants and Appellants.

Walter Metzenbaum, in pro. per., for Appellants.

Milton A. Krug and Leon B. Brown for Respondent.

McCOMB, J.—Plaintiff filed an action against defendants seeking dissolution of a partnership and an accounting. Defendant Murray Metzenbaum filed a cross-complaint involving the same properties and partnership transactions referred to in the complaint. The trial court found in favor of defendant and cross-complainant Murray Metzenbaum and against plaintiff and cross-defendants (appellants herein).

Appellants question the sufficiency of the evidence to sustain numerous findings of fact of the trial court, but fail to point out wherein the evidence fails to sustain the questioned findings. Likewise appellants fail in their opening brief to give any references to the transcript of proceedings in the lower

court which consists of 1,044 pages in the reporter's transcript.

When it is contended that the evidence does not sustain the trial court's findings of fact, the appellant must point out in his brief the evidence, and must show wherein the evidence does not sustain the findings. (*Sutro Heights Land Co.* v. *Merced Irr. Dist.*, 211 Cal. 670, 687 [296 P. 1088]; *Wieczorek* v. *Texas Co.*, 45 Cal.App.2d 450, 457 [114 P.2d 377]. *Cf.*, *People* v. *Corlett*, 67 Cal.App.2d 33, 50 [153 P.2d 595, 964]; *Hughes* v. *Grandy*, 78 Cal.App.2d 555, 568 [177 P.2d 939].) Likewise an appellate court cannot be expected to search through a voluminous record to discover evidence on a point raised by appellant when his brief makes no reference to the pages where the evidence on the point can be found in the record. (*Wills* v. *Woolner*, 21 Cal.App. 528, 530 [132 P. 283].)

These rules are not merely so-called technical rules of procedure. They are designed (1) to facilitate the disposition of litigation before the appellate courts, and (2) to save appellants from unnecessary expense in taking appeals, preparing records and printing briefs. The present case is an excellent example of the soundness of these rules of procedure. A cursory examination of the record discloses that there is substantial evidence to sustain each and every questioned finding. Had appellants complied with the rules it would have at once been apparent to them that their attack upon the questioned findings was futile, and they would have saved themselves expense and conserved the time of this court. (*Cf.*, *Imperial Water Co.* v. *Meserve*, 62 Cal.App. 593, 603 [217 P. 548, 553].) Nor is the application of the rule in this case to be waived on the often heard statement that: "It is unfair to penalize the client because of the dereliction of his attorney." In the present action the principal appellant is an attorney at law who has practiced for more than 40 years and in several states. Therefore, since appellants have failed to comply with the above stated rules, we will not consider the first question raised, to wit, that the evidence is insufficient to sustain certain findings of fact.

Appellants next contend that the trial judge by certain remarks made during the course of the trial indicated his bias and prejudice against them. In none of the instances of which appellants complain did they assign the alleged misconduct of the trial judge as error. If the harmful result of the misconduct of the trial judge can be obviated by bring-

ing the matter to his attention, as a predicate to claiming error on appeal, an assignment of such misconduct must be made in the trial court. (*Church* v. *Payne*, 36 Cal.App.2d 382, 400 [97 P.2d 819].)

We have examined the various comments which appellants claim were prejudicial and find that in no instance was the remark of the trial judge of a nature the prejudicial effect of which could not have been removed if the matter had been called to his attention. We cite two examples:

(1) The following occurred when appellants sought to file an amended pleading:

"The Court: Well, let us find out first if there is any objection to it. Mr. Krug: We object, Your Honor, on the ground it has not come timely, and it is entirely new and different as a cause of action . . . The Court: I can't see that it is very fair either. You started this suit in July 1946. It is no excuse that you don't know what the law is. You are supposed to be a lawyer, aren't you? Mr. Metzenbaum: I am a lawyer; not supposed to be. (Argument.) I would ask that Your Honor withhold ruling on the motion until the evidence is in. The Court: Oh! No. I pass on things as they come in. If I permitted you to file at this very late date, it would result in the case having to go off calendar, because the pleadings had become unsettled, and the other side would be allowed ten days to answer."

(2) It was suggested during the course of the trial that a witness named Arnold might be excused subject to being recalled by telephone. At such time the following occurred:

"The Court: Now is that all you have of Mr. Arnold? Mr. Metzenbaum: Yes, sir. I just want this admitted. The Court: Any cross? Mr. Krug: May it please the Court, we will need Mr. Arnold in the proof of the counter claim. I don't suppose Your Honor wants this proof to go in piecemeal. The Court: Can't we do this? I assume there is no cross-examination on Mr. Arnold's testimony to date, because all he has done is identify his signature on letters. Why not have him come by telephone call when you need him? Mr. Krug: Would you be available on telephone call, Mr. Arnold? A. Yes, sir. The Court: There is no use keeping him around. He took a nice little nap on the witness stand when he wasn't testifying, but he can't make any money doing that."

Though the trial judge's comments may not have been in the best taste they are clearly not prejudicial to appellants.

Finally appellants contend that certain rulings of the

trial court pertaining to the admission of evidence were erroneous. However they fail to point out the rulings or the evidence of which they complain. When appellants fail to point out alleged erroneous rulings on the admissibility of evidence the appellate court will not search the record to discover them. (*Humphrey* v. *Star Petroleum Co.*, 110 Cal.App. 15 [293 P. 692].) ▇ Also where as in the instant case error in rulings on the admission of evidence is alleged but no citation of authorities or argument in support of which is made on appeal, the error will not be considered. (*Todd* v. *Meserve*, 93 Cal.App. 370, 390 [269 P. 710].)

Applying the foregoing rules we deem that appellants have waived any alleged errors in rulings on the admission of evidence.

Affirmed.

Moore, P. J., and Wilson, J., concurred.