[Civ. No. 15645. First Dist., Div. Two. Oct. 9, 1953.]

JACK T. CAMPBELL, Respondent, v. HARRY JUNG et al., Appellants.

Henry J. Kleefisch and Reed M. Clarke for Appellants.

Barrett & Harkleroad for Respondent.

NOURSE, P. J.—This is an action to foreclose a mechanic's lien for a balance of $6,477.89 allegedly due plaintiff, a general contractor, for the building on a cost plus basis of a store building and another small building on a lot owned by defendants at Fairfax, California. The court gave plaintiff judgment for $6,214.84, costs and foreclosure of lien and defendants appeal. They complain that the rejection of their contentions below, that they were overcharged (that not all amounts charged went into or were reasonably chargeable to the construction of the building), that the rear part of the store as built extended into an adjoining lot not owned by them and that the walls of the store did not form right angles,

is not supported by the evidence. They do not sufficiently comply with the rule that an appellant who complains of insufficient evidentiary support must point out the evidence involved and wherein it is insufficient (*Sutro Heights Land Co.* v. *Merced Irr. Dist.*, 211 Cal. 670, 687 [296 P. 1088]; *Metzenbaum* v. *Metzenbaum,* 96 Cal.App.2d 197, 199 [214 P.2d 603]), but as the evidence is not very extensive we shall nevertheless review it insofar as appellants' grievance relates to specific points.

The question of the alleged overcharging was originally excluded from the trial before the court as it was to be assigned to a referee. As to the other points it was conceded that the contract as to the construction of the store contained the provision: "It is understood that property lines and proper location of the building will be the responsibility of the owner." Moreover the evidence showed without conflict that defendants, when the building was started, were in possession of several conflicting survey maps, which they did not show to plaintiff or his personnel notwithstanding a request for maps, and that defendant Harry Fong told them that an existing adjacent building overlapped somewhat on his premises, but that he wished the sidewall of his new building to be built (gunnited) against the sidewall of the neighbor, whose permission for such gunniting he said he had obtained. Harry Fong testified that he had also given directions to build the sidewall at right angles to the sidewalk line and also to line the sidewall from a survey stake at the back end of the lot indicating the property line with the adjacent property. There was surveyor's evidence that the existing wall against which the new sidewall was to be gunnited did not follow the property line but to the rear deviated into the neighbor's premises, and that the front angle of defendants' lot at the side of said neighbor's building was not 90 degrees but somewhat less than 89 degrees. Therefore both the direction to build against the existing wall of the neighbor and to build at a 90-degree angle to the sidewalk would cause defendants' wall to overlap on the adjacent premises. The evidence of plaintiff and his personnel was that the only direction received was to gunnite the sidewall against the existing sidewall of the adjacent building, that this was done; that the gunnited wall, which because of the greater depth planned for the new building had to extend to the rear beyond the adjacent sidewall, was there extended in the same general direction as given to the front part of the existing wall so that

the inside of the new sidewall would be straight; that no rear stake was shown to or found by them when the building was started, that only when the store was completed a rear stake was dug up; that the foundation was laid approximately where the border wire fence had been and that a line was run from the rear corner post of that fence to the front. It was further undisputed that defendant Harry Fong had been on the work every day, had seen what was being done and had not objected, and that he had paid three invoices for work done amounting to more than $10,000 without objection as to the location and further that the adjacent owner, although informed of the overlap, had not until the trial made any claims. ■ Considering the contract provision making the location and property lines defendants' responsibility and the evidence stated, the court was justified in absolving plaintiff from responsibility for any overlap as attributable to defendants' faulty directions, or at any rate in considering defendants estopped from asserting any responsibility of plaintiff in this respect (*Giberson* v. *Fink*, 28 Cal.App. 25, 34 [151 P. 371]). ■ The rejection of defendants' contention that the walls of the store building were not at right angles is completely supported by evidence of the surveyor Voorhies that the corners of said building had angles of 90 degrees.

■ When, after the reference as to the overcharging, the trial before the court was reopened, the attorney of defendants declared in substance that bills and vouchers had been furnished and that many items were "O.K.," no longer in dispute. The items still in dispute were enumerated, and it was decided that evidence as to these items would be taken before the court. The plaintiff then offered evidence with respect to these items one by one. After the conclusion of this evidence appellants offered evidence and calculations of the expert witness Tieslau as to what reasonably should have gone into the buildings and what they should have cost. Plaintiff objected because such evidence was out of line with the earlier admittance of many items, among which all materials furnished, were no longer in dispute. However the court permitted the evidence to go in. Plaintiff then recalled the witness Yates, his general superintendent, who testified that all charges for material and all payroll charges made by plaintiff were reasonable, thus causing a conflict with Mr. Tieslau's evidence.

The decision of the court that $6,214.84 was still due was, according to a short memorandum opinion of the trial judge, arrived at by subtracting from the total amount claimed those enumerated amounts in dispute which he considered properly disputed, totalling $406.60, and adding an amount of $143.55 mistakenly omitted and proved at the trial without objection.

Appellants, contending that the decision as to the amount overcharged is not supported by the evidence, cite no other evidence than that of their witness Tieslau that the reasonable price of the construction would amount to approximately $10,500 and further urge only that too much supervisory personnel was used. We need not decide whether the evidence of the witness Tieslau as to the reasonable costs of construction had any relevancy although it did not take into consideration the charges which were no longer disputed by defendants, because the court by implication preferred to accept the testimony of the witness Yates that, with a few specified exceptions, the charges made were reasonable.

With respect to the supervision the court by implication accepted the testimony of the same witness that the hours of those who did the supervising and expediting work did not duplicate, but that in a large organization working on different jobs at the same time, supervising personnel must sometimes substitute for each other. The evidentiary support as to other items, not specifically mentioned, can evidently not be reviewed.

Judgment affirmed.

Goodell, J., concurred.

A petition for a rehearing was denied November 6, 1953.