[Civ. No. 19349.    Second Dist., Div. One.    Nov. 4, 1953.]

MURRAY METZENBAUM, Respondent, v. WALTER
METZENBAUM et al., Appellants.

Newell & Chester and Robert M. Newell for Appellants.

Milton A. Krug for Respondent.

SCOTT (Robert H.), J. pro tem.—Three actions consolidated for trial were decided in favor of plaintiff and from that judgment defendants appeal.

Following the example of all counsel, we shall refer to the parties by their respective first names. Defendants Walter and Rose were husband and wife. They are parents of plaintiff Murray and of Fanchon.

There has been prolonged and bitter litigation among these parties (see *Metzenbaum* v. *Metzenbaum*, 86 Cal.App.2d 750 [195 P.2d 492] ; *Metzenbaum* v. *Metzenbaum*, 96 Cal.App.2d 197 [214 P.2d 603] ; *Metzenbaum* v. *Metzenbaum*, 115 Cal. App.2d 395 [252 P.2d 31, 966] ; *Metzenbaum* v. *Metzenbaum*, 115 Cal.App.2d 771 [252 P.2d 1014].)

Of the three actions now before us for consideration on appeal, the first was for malicious prosecution, being number 563226 in the Los Angeles Superior Court, *Murray, plaintiff,* v. *Walter and Fanchon, defendants* (no judgment therein being rendered against Fanchon). It was based on a suit which had been called the "trust case," previously brought in the same court, *Walter and Fanchon, plaintiffs,* v. *Murray and others, defendants, number 528500.* The judgment of the trial court in this "trust case" was affirmed on appeal (86 Cal. App.2d 750 [195 P.2d 492]).

The second action now before us was likewise for malicious prosecution, *Murray, plaintiff,* v. *Walter and Rose, defendants, number 574203* in the trial court (no judgment therein being rendered against Rose). It was based on a suit which has been called the "partnership case" previously brought in the same court, *Walter and Rose, plaintiffs,* v, *Murray and others, defendants, number 522631.* The judgment of the trial court in this case was affirmed on appeal (96 Cal.App.2d 197 [214 P.2d 603]).

A separate appeal was taken by Murray from an order denying reimbursement to him as liquidating partner for attorney's fees. This order was reversed in part and affirmed in part (115 Cal.App.2d 395 [252 P.2d 31, 966]).

The third action now before us on this appeal is number 574204 in the trial court, *Murray, plaintiff,* v. *Walter and Rose, defendants.* It was an action to set aside an allegedly fraudulent conveyance of assets from Walter to Rose, by which Murray would be prevented from collecting his judgments in the two malicious prosecution cases.

Motion to dismiss the appeal of Walter from judgment covering the three cases now before us was made by Murray, and

was denied (115 Cal.App.2d 771 [252 P.2d 1014]). Walter's appeal from judgment in favor of Murray in these three cases is now before us for determination.

The finding of the trial court as to the malicious prosecution based on the "trust case" included the following: that Walter (who is an attorney) and Fanchon filed suit against Murray and his bank alleging that Murray held a certain royalty in an oil lease in trust for Fanchon; that a complaint, an amended complaint and a second amended complaint were filed; that the bank as collecting and disbursing agent was enjoined from paying Murray the proceeds of the royalty; that the injunction was terminated by failure of Walter and Fanchon to justify the securities on the undertaking; that Walter and Fanchon had charged that Murray wrongfully and without authority had sold part of the royalty and pledged the balance; that Walter acted with malice and without probable cause, that the allegations of the complaints and affidavits for injunction were false; that a demurrer to the second amended complaint was sustained and a judgment of dismissal thereafter entered. Having thus found that there was malice, want of probable cause and a termination favorable to Murray, the trial court found that he had sustained damages entitling him to an award of $5,000 plus $2,500 attorney's fees and $2,500 exemplary damages.

■ There was evidence, including a written agreement of Walter and Murray, that the oil lease royalty was an asset of a dissolved partnership composed of Walter and Murray, and that Walter claimed that at one time he had tried orally to convey to Fanchon one-half of the royalty without the consent of Murray and without regard to the rights of creditors of the partnership. The trial court was justified in its determination that as an attorney, Walter knew that he had no probable cause for filing his complaint and first and second amended complaints. ■ As to matters of evidence which were in dispute, it was the province of the court, as trier of facts in the malicious prosecution cases, to determine whether or not such facts were shown as would warrant an inference of probable cause. ■ The findings of fact in the case now under consideration, that were the basis for the trial court's determination that there was no probable cause are supported by substantial evidence in the record and hence will not be disturbed on appeal, *Singleton* v. *Singleton,* 68 Cal.App.2d 681, 691 [157 P.2d 886]. The analysis by Justice Wilson of Walter's pleadings in the "trust case," as reported in 86 Cal.

App.2d 750 [195 P.2d 492], clearly shows that the entire case was one intended solely to harass and damage Murray. Good faith on the part of Walter was entirely lacking and actual malice was present and motivated his filing of the spurious pleadings.

The necessary elements of an action for malicious prosecution are: (1) a judicial proceeding favorably terminated; (2) lack of probable cause; and (3) malice. (*Jaffe* v. *Stone,* 18 Cal.2d 146, 149 [114 P.2d 335, 135 A.L.R. 775]. The burden is on one who seeks to recover damages for malicious prosecution to prove the foregoing issues. (*Hudson* v. *Zumwalt,* 64 Cal.App.2d 866 [149 P.2d 457]; *Citizens State Bank* v. *Hoffman,* 44 Cal.App.2d 854, 857 [113 P.2d 211]; *Lotts* v. *Whitworth,* 76 Cal.App.2d 601, 605 [173 P.2d 823].)

Our Supreme Court in the year 1884, in the case of *Eastin* v. *Bank of Stockton,* 66 Cal. 123, 126 [4 P. 1106, 56 Am.Rep. 77], asked ". . . , whether in this State an action can be maintained for the malicious prosecution of a civil action, in which no process other than the summons was issued," and stated at page 127, ". . . when the action is brought and prosecuted maliciously, and without reasonable or probable cause, the plaintiff asserts no claim in respect to which he had any right to invoke the aid of the law. In such cases the plaintiff, by an abuse of legal process, unjustly subjects the defendant to damages which are not fully compensated by the costs he recovers. The plaintiff, in such a case, has no legal or equitable right to claim that the rule of law which allows a suit to be brought and prosecuted in good faith without liability of the plaintiff to pay the defendant damages, except by way and to the extent of the taxable costs, if judgment be rendered in his favor, should extend to a case where the suit was maliciously prosecuted without probable cause. But where the damages sustained by the defendant in defending a suit maliciously prosecuted without reasonable or probable cause, exceeds the costs obtained by him, he has, and of a right should have, a remedy by action on the case." (See, also, "Wrongful Civil Proceedings," Prosser on Torts, p. 885 et seq., § 97; Rest. Torts, vol. 3, p. 440 et seq.; *Vesper* v. *Crane Co.,* 165 Cal. 36 [130 P. 876, L.R.A. 1915A 541]; 20 So.Cal.L.Rev. 116.)

". . . want of probable cause in a civil proceeding exists when the circumstances are such as to satisfy a reasonable and prudent man that he had no ground for suing." (54 C.J.S. p. 979.) Walter could not take refuge behind an

assertion that he acted on the advice of counsel (*Murdock* v. *Gerth,* 65 Cal.App.2d 170, 179 [150 P.2d 489]) because he has had 40 years' experience as an attorney. From an examination of his pleadings and his brief on appeal in the "trust case" it clearly appears that he had no faith in the purported legal theory upon which he was proceeding. ▉ "Good faith is undoubtedly an element of probable cause in malicious prosecution cases." (*Franzen* v. *Shenk,* 192 Cal. 572, 578 [221 P. 932].)

A further indication of Walter's continuing lack of good faith is found in the answers filed in the malicious prosecution case now before us. His own answer contains denials and but little more. Fanchon's answer, however, signed by Walter as her attorney contains not only denials but matters attacking the character and conduct of Murray. Nowhere does Walter plead ignorance or ineptitude in seeking to excuse his conduct as attorney for Fanchon and acting as his own attorney.

▉ Evidence of damage attributable to the filing of the suit and securing the injunction was sufficient to support the award of compensatory damages, including the attorney's fees and the proof justified the award of exemplary damages. (See *Finney* v. *Lockhart,* 35 Cal.2d 161 [217 P.2d 19].)

The finding of the trial court as to the malicious prosecution based on the "partnership case" included the following: That Walter and Rose, plaintiffs, filed a complaint and first and second amended complaints against Murray, defendant, claiming that a certain oil lease royalty belonging to the dissolved partnership of Walter and Murray actually belonged to Fanchon; and further claiming that the partnership assets included certain Culver City oil and gas royalties and leases and charging Murray with misconduct concerning them, when in fact they were not partnership assets but were Murray's own property. Its further finding in the action based on the "partnership case" was that judgment was given to Murray (on his cross-complaint) clearing his title to the Culver City and some other property and establishing that certain other oil lease royalties under consideration were property of the dissolved partnership of Walter and Murray and that Murray was the liquidating partner and that Walter was indebted to the dissolved partnership.

▉ The litigation was not required to dissolve the partnership because the parties themselves had already dissolved it by written agreement. The claim of interest in the Culver City property by Walter was lacking in evidentiary support,

and the assertion that a partnership asset had been transferred by him as a gift to Fanchon was similarly without merit. Justice McComb's evaluation of his appeal in the "partnership case" (96 Cal.App.2d 197 [214 P.2d 603]) is consistent with the trial court's finding in the malicious prosecution case based thereon that Walter's acts in that case were done maliciously, without probable cause and with intent to injure and damage Murray.

In his verified second amended complaint in the "partnership case," filed June 20, 1947, Walter alleged "the said partnership exists to this day." The trial court found that it had been dissolved no later than November 5, 1944, and Walter on this appeal admits "there was sufficient evidence to establish that the original partnership had been dissolved." The obvious iniquity of the pleadings filed by Walter in the "partnership case" appears in his claim that a partnership existed which had long since been dissolved and claim to a partnership interest in extensive personally owned property of Murray which had never belonged to the partnership and in which Walter never had any legal or equitable interest. The decision of the trial court in favor of Murray on his cross-complaint merely reduced to judgment certain limited rights asserted by Walter under a later agreement with Murray. These were rights which the latter had not disputed, and Walter needed no lawsuit to obtain. It was only after Walter had brought the "partnership suit" that Murray had sought by his cross-complaint to have their rights judicially established and their affairs settled under judicial supervision.

If any doubt of Walter's malice toward Murray had existed in the mind of the trial judge in the malicious prosecution cases it was promptly dispelled upon reading the intemperate and abusive language employed by the father, Walter, concerning Murray contained in answer to Murray's cross-complaint in the "partnership case." Its diversified calumny asserted matters outside of the issues, imputing to Murray dishonesty, disorder, ignorance, confusion and brawling.

The award of damages which were of like amounts as in the malicious prosecution action, was a reasonable award and finds adequate basis in evidence of the adverse effect of the suit brought by Walter in the "partnership case" on the reputation, credit and business operations of Murray, and in the showing made as to expense incurred.

The third case which was combined for trial with the two suits for malicious prosecution was an action by

Murray to set aside a conveyance from Walter to Rose of his interest in various partnership assets. The court found that this purported conveyance was dated March 14, 1949, at a time when Murray had valid claims for damages, as later established in the judgments for malicious prosecution, and that Walter intended thereby to put his assets beyond the reach of creditors and that it was without consideration and was fraudulent, all with the full knowledge and consent of Rose, and that such conveyance would render Walter insolvent. The trial court thereupon gave judgment setting aside the conveyance insofar as it is necessary to liquidate Murray's claim against Walter in the amount of $20,000, plus costs. Walter's explanation of this arrangement by which he sought to divest himself of all of his assets was that it was a property settlement agreement in a divorce case between him and his wife. The trial court properly held that such transfer so patently fraudulent could not serve to defeat the claim of Murray as creditor.

Judgment affirmed.

White, P. J., and Drapeau, J., concurred.

A petition for a rehearing was denied November 23, 1953, and appellants' petition for a hearing by the Supreme Court was denied December 30, 1953.