**Eugene C. WATSON, Libelant,**

v.

**The LETITIA LYKES, her engines, tackle, apparel, furniture, etc., and Lykes Brothers Steamship Company, a corporation, her owners, Respondents.**
**No. 16352.**

United States District Court
S. D. California, Central Division.
Nov. 21, 1955.

David A. Fall, of David A. Fall & Kenneth W. Gale, San Pedro, Cal., proctor for libelant.

Lillick, Geary & McHose, L. Robert Wood, Gordon K. Wright and John F. Kimberling, by Gordon K. Wright, and L. Robert Wood, Los Angeles, Cal., proctors for respondent Lykes Brothers Steamship Company, a corporation, etc.

TOLIN, District Judge.

The libel in rem and in personam states two separate causes of action. The first is for damages which libelant alleges resulted from the unseaworthiness of the vessel. The second is for maintenance and cure.

■ The theory of the first cause of action is that libelant, a seaman on the S.S. Letitia Lykes, suffered injuries when assaulted by a vicious member of the crew. There is no dispute that there is a principle of law to the effect that a seaman under Articles may recover from the shipowner if the proof establishes that another member of the crew had such a savage disposition as to endanger those who worked on the ship, and if the proof further shows that the suing seaman suffered injury from that cause. Recovery in such a case has been allowed when the cause of action has been alleged as unseaworthiness of the vessel.[1]

■ The evidence in this case does not support the allegation but is overwhelming to the effect that libelant himself assaulted another crew member, and if injured in the affray, merely suffered such injuries as one may expect upon provoking a fight. The seaman libelant contends was his assailant did no more than protect himself from an unprovoked battery. The evidence does not show that either party suffered more than nominal injury. Libelant contends that certain fingers were fractured. The medical evidence on this point is all contrary. Examining physicians found by X-ray examination that the fingers had been fractured at a remote time and that as of the time libelant claims they were fractured in the fight, the old fractures had healed but an arthritic condition had come into existence.

The novelty of this case arises from the contention of respondents that because libelant, in his first cause of action, has asserted a spurious claim, he does not have a right to recover on the second cause of action.

The evidence shows that libelant, while employed on the vessel, developed an illness which required medical treatment (suspected cancer of the throat which, on biopsy, was diagnosed as a nonmalignant, nondisabling, entirely benign growth). The only disability was that which preceded and immediately followed diagnostic procedures which required hospitalization and surgery, and for a time caused libelant and others seriously to believe that he was very ill. This is not disput-

1. Boudoin v. Lykes Bros. S.S. Co., 348 U.S. 336, 75 S.Ct. 382, 99 L.Ed. 354; Keen v. Overseas Tankship Corp., 2 Cir., 194 F.2d 515.

ed, but it was urgently insisted at the trial that, having urged his first cause of action in bad faith, the seaman has forfeited his right to recover what he would otherwise be entitled to collect under the second cause of action which has been established.

As a general proposition, Courts do not declare a valid substantive right forfeited because a litigant in another cause of action has asserted a different claim which, on the taking of evidence, was totally disproved. Despite emphatic argument by learned counsel that the rule is different than what has just been stated in this memorandum, counsel has not supported this theory by citation of authority. The Court's research has not disclosed authority supporting respondents' position.

That claims for maintenance and cure and for injuries occasioned by unseaworthiness are distinct and separate claims, has long ago been declared by the Supreme Court.[2]

In the cited case, that Court said:

"* * * In short, the right to maintenance, cure and wages, implied in law as a contractual obligation arising out of the nature of the employment, is independent of the right to indemnity or compensatory damages for an injury caused by negligence; and these two rights are consistent and cumulative."

Libelant's first cause of action is not one based upon "negligence". It is a claim based on the general maritime law of the United States for recovery of an indemnity for injuries received by a seaman as a result of the unseaworthiness of the ship. This is a cause of action as distinct and separate from "maintenance and cure" as negligence. Although actions under the Jones Act, 46

U.S.C.A. § 688, modified the prior maritime law by granting seamen injured by negligence of the employer a right to receive damages therefor, the traditional rights of seamen to recover indemnification for injuries flowing from unseaworthiness of the vessel and for maintenance and cure remain and are each separate and distinct from the other.[3] A suing seaman will sometimes prevail on one cause of action and fail on the other. The conventional rule that a party who asserts the affirmative of an issue must establish his case by a preponderance of evidence applies in maritime cases. Courts do not punish those who fail to carry that burden. If there has been malicious prosecution of a claim, it is redressible by suit to recover damages flowing from the tort of malicious prosecution,[4] but such a cause of action does not arise until the suit claimed to be malicious has been adjudicated against the party who brought it.[5] A court in deciding a case, decides only the case before it and does not reach out and grant redress for some other tort, even if it be clear from the evidence that some other tort liability exists in favor of one or the other party to the suit.

The creditable evidence concerning the first cause of action is all to the effect that libelant was the sole aggressor in the affray which resulted from the claimed unseaworthiness of the vessel. The injuries suffered by libelant in the incident were nominal. This has no effect on the action for maintenance and cure which, except for identity of parties, ship, and close proximity in time to the affray, has no relation to the first cause of action. The fact that the two were included within one libel is unimportant. They could have been prosecuted as separate suits.[6] They must be decided on their individual merits.

2. Pacific S.S. Co. v. Peterson, 1928, 278 U.S. 130, 49 S.Ct. 75, 77, 73 L.Ed. 220.

3. Pate v. Standard Dredging Corp., 5 Cir., 193 F.2d 498.

4. Metzenbaum v. Metzenbaum, 121 Cal. App.2d 64, 262 P.2d 596.

5. Murdock v. Gerth, 65 Cal.App.2d 170, 150 P.2d 489.

6. Jordine v. Walling, 3 Cir., 185 F.2d 662.

Decree for respondents on the first cause of action.

Decree for libelant on the second cause of action, for the sum of $328.