COUGHLIN, J.
 

 Defendant Linnick, an attorney at law, appeals from a judgment awarding plaintiff damages in a declaratory relief action.
 

 Plaintiff, Munson, acquired apartment houses, through foreclosure proceedings, in which a man named Singer theretofore had installed carpeting and drapes under a contract of sale with a man named Kelly. The agreed price was $8574. Kelly defaulted under the contract. Singer employed defendant on a 50 percent contingency fee basis to recover upon the contract. The evidence supports the conclusion Kelly was insolvent; Singer and defendant knew this fact; defendant demanded of plaintiff $15,574 to permit the carpeting and drapes to remain in the apartment houses although, as indicated, the contract price was only $8574; plaintiff did not want to keep the carpeting and drapes at this price and advised defendant accordingly; Singer did not want to repossess the carpeting and drapes; and in order to bluff plaintiff into paying the amount demanded, defendant brought an action by Singer against Kelly, Munson, and a third party alleging inconsistent counts, one in claim and delivery, and the other to recover the contract sales price which was alleged to be $15,574. Plaintiff was the only defendant served in that action. His attorney contacted defendant Linnick, and reached a “tacit understanding” that no default would be taken without prior notice. Plaintiff told a representative of Singer the latter was welcome to remove the carpeting and drapes if he wished. Subsequently, without any notice to plaintiff or his attorney, defendant caused a default to be entered in the Singer action. In due course judgment was entered in that action in favor of Singer for $8574, with interest from June 14,1961. The judgment was premised upon knowingly false testimony that plaintiff refused to return the carpeting and drapes and had agreed to pay for them in full.
 
 *588
 
 Defendant waited approximately a year before taking action to enforce the judgment, thus permitting expiration of the six-month period in which a motion to set aside the default might be made under section 473 of the Code of Civil Procedure.
 

 The proceeds from the levy under the writ of execution were paid to and divided among defendant, his associate and Singer
 
 ■
 
 the attorneys received $2000 each; and Singer received $5037. The levy was made December 24, 1962.
 

 Thereafter plaintiff instituted the instant action by a complaint setting forth four causes of action, three of which, only, are pertinent to the issues at hand. One cause of action alleged the Singer default judgment had been obtained through extrinsic fraud and sought to have it set aside; a second cause of action charged the Singer action was instituted and maintained by defendant, his associate and Singer, without probable cause and with malice, and sought judgment against them for the $9037 obtained through the levy, with interest, and the additional sum of $5000 as punitive damages ; a third cause of action sought a declaration of the rights and obligations of the parties in the premises and prayed that the Singer default judgment be set aside, for a declaration that Singer take nothing in his action against plaintiff, and for judgment against defendant, his associate attorney, and Singer in the sum of $9037 with interest from December 24, 1962, and for attorney’s fees incurred.
 

 The trial of the action was bifurcated. The first part considered the issue whether the default judgment should be set aside. The court found in favor of plaintiff and entered an interlocutory judgment accordingly. Thereafter, pursuant to stipulation, the issues in the Singer action were consolidated for trial with the remaining issues in the instant action. Following a trial on all of the issues, the court found against Singer in the latter’s action and ordered further proceedings in the instant action continued to August 3, 1966. Judgment in the Singer action, decreeing he take nothing from Munson was entered May 31, 1966. No appeal was taken therefrom. On August 3, 1966, the court found in favor of plaintiff and entered judgment decreeing, insofar as is pertinent to the issues on appeal, that plaintiff recover from defendant and Singer “by way of general damages for malicious prosecution” the sum of $9037, “by way of compensatory damages for the attorney’s fees and expenses incurred in vacating the default, default judgment, obtaining judgment of dismissal and quieting title from the effects of the Abstract of Judg
 
 *589
 
 ment,” the sum of $2000, and “by way of punitive damages for malice and oppressive and fraudulent conduct” the sum of $2500. It also was decreed that plaintiff should recover from defendant “by way of restitution, pursuant to constructive trust,” the sum of $2000, but provided this amount was included in the award of $9037 and decreed, in substance, that payment of the $2000 should be a credit against the award of $9037.
 

 The defendant Linnick alone appeals, contending the judgment is erroneous because the damages thereby awarded were for “malicious prosecution” whereas.a cause of action for malicious prosecution was neither pleaded nor proven; the award of interest on $9037 from date of the levy rather than date of judgment was improper; and the award of $2000 as restitution under a constructive trust theory also was improper because an attorney is not liable for money received by his client under a judgment subsequently set aside. “ The necessary elements of an action for malicious prosecution are: (1) a judicial proceeding favorably terminated; (2) lack of probable cause; and (3) malice.”
 
 (Ferraris
 
 v.
 
 Levy,
 
 223 Cal.App.2d 408, 410 [36 Cal.Rptr. 30].) The complaint in the instant action did not contain an allegation of termination of the Singer action in favor of plaintiff. Defendant contends the lack of such an allegation is fatal to recovery by plaintiff of damages on account of the alleged malicious prosecution of that action. In light of the nature of the judgment herein and the circumstances of this case we conclude the contrary.
 

 Plaintiff alleged, in substance, the Singer action was instituted and maintained against him without probable cause and with malice; that the default judgment therein had been entered through extrinsic fraud; and that as a result he had been damaged. He sought a determination of his rights and the obligations of the defendants in the premises; a decree setting aside the default judgment; a declaration that Singer should recover nothing from him in the Singer action; a recovery of that money taken from his bank account; and an award of compensatory and punitive damages. On the face of the complaint it appeared plaintiff sought a declaration of rights and obligations premised not only on existing circumstances, but also upon future circumstances dependent upon the ruling of the court on issues presented through the action.
 

 The nature of the controversy and dependency of the outcome upon future determinations by the court was recognized by the parties in a joint pretrial statement which set forth the
 
 *590
 
 issues of law to be determined and a suggested order of trial. The issues of law were stated to be: “1. Whether or not the default and default judgment against Munson in
 
 Singer
 
 v.
 
 Kelly
 
 should be set aside.
 

 “2.
 
 Whether or not a judgment should be entered, declaring that a judgment should be entered for Munson in
 
 Singer
 
 v.
 
 Kelly.
 

 “3. Whether or not defendants Linnick, Thaler (the associate attorney) and Singer, and each of them, or any of them, are liable to plaintiff for damages, general, special or punitive, and if so, in what amount. ’ ’ The suggested order of trial was stated as follows: “ 1. Whether the default and default judgment entered against plaintiff Munson in
 
 Singer
 
 v.
 
 Kelly
 
 should be set aside.
 

 “2.
 
 If the default and default judgment in
 
 Singer
 
 v.
 
 Kelly
 
 is set aside, whether a judgment on the merits, in whole or in part, may be entered in favor of Munson as to that action.
 

 “3. If a judgment may be entered in favor of Munson in
 
 Singer
 
 v.
 
 Kelly,
 
 whether judgment may be entered against defendants, Linnick, Thaler and Singer, jointly and severally for damages, general, special and/or punitive.
 

 “4.....
 

 “5. The amount of damages, if any, to be assessed against all of the defendants, jointly and severally or individually, in the respective theory of liability as to each, so as to preclude inconsistent and duplicate sums of recovery.” The joint pretrial statement was made a part of the pretrial order.
 

 The issues were tried in the order suggested. Those respecting the default judgment were heard first. After an interlocutory decree setting aside that judgment had been entered and became final, all of the other issues in the case and, by stipulation, all of the issues in
 
 Singer
 
 v.
 
 Kelly,
 
 were heard. Thereupon judgment in favor of Munson and against Singer in the latter’s action was entered and became final. Following this the court made its determination respecting the issues of liability and damages
 
 •
 
 found in favor of plaintiff; and entered a judgment decreeing “the rights, duties, liabilities and obligations of the parties to this action arc adjudged, declared and determined to be” as therein set forth, including recovery by plaintiff from Linnick and Singer of damages in the sums hereinbefore set forth.
 

 Assuming, as contended by defendant, the award of damages was premised upon liability under a malicious prosecution theory, the fact that at the time the declaratory relief
 
 *591
 
 action was filed a determination of the Singer action favorable to plaintiff had not been made did not foreclose the court in the declaratory relief action from determining the rights of the parties under the facts existing at the time of judgment. An action for declaratory relief is equitable in nature. A court of equity will make a complete determination of the controversy between the parties to such an action in accord with the facts as they exist at the time of its decree.
 
 (Record etc. Co.
 
 v.
 
 Pageman Holding Corp.,
 
 42 Cal.2d 227, 233-234 [266 P.2d 1];
 
 Lyon
 
 v.
 
 Goss,
 
 19 Cal.2d 659, 670 [123 P.2d 11];
 
 Abbott
 
 v.
 
 City of San Diego,
 
 165 Cal.App.2d 511, 525 [332 P.2d 324];
 
 American Tel. & Tel. Co.
 
 v.
 
 California Bank,
 
 59 Cal.App.2d 46, 51 [138 P.2d 49];
 
 Mercer Cas. Co.
 
 v.
 
 Lewis,
 
 41 Cal.App.2d 918, 922-923 [108 P.2d 65].) The allegations in the complaint of lack of probable cause, malice and abuse of judicial process adequately advised defendant of the basis of plaintiff’s claim for damages; that this claim was dependent upon a favorable termination of the Singer action; and would be adjudicated in the event the default judgment was set aside and a judgment favorable to Munson was obtained in that action. Defendant did not object to this procedure in the trial court. His contention is analogous to that of a defendant urging the premature filing of a complaint, which may not be asserted for the first time on appeal.
 
 (Kelley
 
 v.
 
 Upshaw,
 
 39 Cal.2d 179, 186 [246 P.2d 23];
 
 Fireman’s Fund Indem. Co.
 
 v.
 
 Knorr,
 
 117 Cal.App.2d 761, 764 [256 P.2d 1005].) No satisfactory reason supports the conclusion the trial court should not have awarded damages under a malicious prosecution theory, as an incident to the declaratory relief sought, because a favorable termination of the Singer action did not take place until after the instant action had commenced. Defendant also contends the evidence does not support a finding of lack of probable cause and of malice. There is no merit to this contention. The defendant participated in bringing the Singer action, in which he had a contingency fee interest, to bluff plaintiff into paying for the carpeting and drapes sold to Kelly; had made an unsuccessful effort to get plaintiff to purchase the merchandise; knew plaintiff not only made no claim to the merchandise, but had told Singer to remove the same if he wished; and knew Singer did not want to repossess it. These circumstances support the inference defendant brought the Singer action for an improper purpose knowing the claim thereby asserted was false. Such an inference supports the finding of lack of probable cause and mal
 
 *592
 
 ice.
 
 (Albertson
 
 v.
 
 Raboff,
 
 46 Cal.2d 375, 383 [295 P.2d 405] ; Rest.3d, Torts (1938) § 676.) Other pertinent supportive circumstances are found in the evidence showing defendant’s lack of good faith in taking a default; his use of perjured testimony to obtain a judgment; and his withholding enforcement of the default judgment until the time within which a motion to set aside had expired. (Gen. see
 
 Franzen
 
 v.
 
 Shenk,
 
 192 Cal. 572, 578 [221 P. 932];
 
 Metzenbaum,
 
 v.
 
 Metzenbaum,
 
 121 Cal.App.2d 64, 69 [262 P.2d 596].) Defendant’s participation in the malicious prosecution under the circumstances of this case rendered him liable as a joint tortfeasor.
 
 (Peebler
 
 v.
 
 Olds,
 
 71 Cal.App.2d 382, 389 [162 P.2d 953].)
 

 The allowance of interest on the award of $9037 was a proper item of damage. Plaintiff was entitled to compensation not only for the amount of money taken from his bank account but also for the loss of use of that money from the date it was taken. Under such circumstances interest was a proper measure of the loss of use. (Gen. see Civ. Code, § 3336;
 
 Sullivan
 
 v.
 
 Wellborn,
 
 32 Cal.2d 214, 220 [195 P.2d 787];
 
 Katz
 
 v.
 
 Enos,
 
 68 Cal.App.2d 266, 278 [156 P.2d 461].)
 

 The award of damages for expenses incurred in the defense of the offending action, including that incurred in setting aside the default judgment, was proper.
 
 (Stevens
 
 v.
 
 Chisholm,
 
 179 Cal. 557, 563-565 [178 P. 128];
 
 Peebler
 
 v.
 
 Olds, supra,
 
 71 Cal.App.2d 382, 389.)
 

 An award of exemplary damages may be made in a malicious prosecution action; is premised upon the existence of malice; and is allowable in the discretion of the trier of fact.
 
 (Finney
 
 v.
 
 Lockhart,
 
 35 Cal.2d 161, 162 [217 P.2d 19] ;
 
 Metzenbaum
 
 v.
 
 Metzenbaum, supra,
 
 121 Cal.App.2d 64, 69.) The award of exemplary damages in the case at bench, in light of the malice and fraud
 
 [1]
 
 shown, was a valid exercise of the court’s discretion.
 

 
 *593
 
 The foregoing conclusions dispose of any need to consider defendant’s contentions respecting the alternate $2000 constructive trust theory award.
 

 The judgment is affirmed.
 

 Brown (Gerald), P. J., and Whelan, J., concurred.
 

 [1]
 

 The conduct of defendant by which he obtained a default judgment in the Singer action, which enabled him to levy execution on plaintiff’s bank account, constitutes that type of fraud described as ‘' all surprise, trick, cunning, dissembling, and unfair ways by which another is deceived. ”
 
 (Wells
 
 v.
 
 Zenz,
 
 83 Cal.App. 137, 140 [256 P. 484]; see also
 
 Odell
 
 v.
 
 Cox,
 
 151 Cal. 70, 75 [90 P. 194];
 
 Newman
 
 v.
 
 Smith,
 
 77 Cal. 22, 26 [18 P.
 
 791]; Brady
 
 v.
 
 Bartlett,
 
 56 Cal. 350, 365;
 
 Kallgren
 
 v.
 
 Steele,
 
 131 Cal.App.2d 43, 46 [279 P.2d 1027];
 
 Estate of Arbuckle,
 
 98 Cal.App.2d 562, 568 [220 P.2d 950, 23 A.L.R.2d 372];
 
 People
 
 v.
 
 Wisecarver,
 
 67 Cal.App.2d 203, 207 [153 P.2d 778] ;
 
 Anderson
 
 v.
 
 Board of Medical Examiners,
 
 117 Cal.App. 113, 116 [3 P.2d 344] ;
 
 Bretthauer
 
 v.
 
 Foley,
 
 15 Cal.App. 19, 26 [113 P. 356].) In light of our conclusion the pleadings and the evidence support the award of damages under the theory of
 
 *593
 
 malicious prosecution, we deem it unnecessary to determine whether the separate cause of action against defendant and Singer for damages and the evidence establishing the allegations thereof also support the award on the theory of fraud.