Filed 7/28/23  Waszczuk v. Regents of the University of Cal. CA3

# NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| JAROSLAW WASZCZUK, | |
| Plaintiff and Appellant, | C095488 |
| v. | (Super. Ct. No. 34-2013-00155479-CU-WT-GDS) |
| REGENTS OF THE UNIVERSITY OF CALIFORNIA, | |
| Defendant and Respondent. | |

Plaintiff Jaroslaw Waszczuk sued the Regents of the University of California (UC Regents) asserting causes of action related to his termination of employment.  The trial court granted UC Regents's motion for summary judgment and entered judgment in favor of UC Regents.  (Code Civ. Proc., § 437c.)[1]

Representing himself on appeal as he did for most of the proceedings in the trial court, Waszczuk now contends the trial court (1) improperly granted summary judgment because UC Regents's documents submitted in support of the motion for summary judgment were fabricated, (2) abused its discretion by not granting Waszczuk more time to file an opposition to the motion for summary judgment, and (3) did not allow Waszczuk enough time to argue at the hearing on the motion for summary judgment. Finding no error, we will affirm.

---

[1] Undesignated statutory references are to the Code of Civil Procedure.

1

APPLICABLE LAW

The purpose of summary judgment is to determine whether trial is in fact necessary to resolve a dispute. (*Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 843.) A plaintiff may contend there is no defense to an action or a defendant may contend the action has no merit. (*Ibid*.) The court must grant the motion if the papers show there is no triable issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. (*Ibid*; § 437c, subd. (c).) The moving party must support the motion with evidence including affidavits, declarations, admissions, answers to interrogatories, depositions, and matters of which judicial notice must or may be taken. (*Aguilar,* at p. 843; § 437c, subd. (b).)

In response to a motion for summary judgment, the opposing party must file "a separate statement that responds to each of the material facts contended by the moving party to be undisputed, indicating if the opposing party agrees or disagrees that those facts are undisputed. . . . Failure to comply with this requirement of a separate statement may constitute a sufficient ground, in the court's discretion, for granting the motion." (§ 437c, subd. (b)(3).) When "reviewing a motion for summary judgment, the relevant facts are limited to those set forth in the parties' statements of undisputed facts, supported by affidavits and declarations, filed in support of and opposition to the motion in the present case, to the extent those facts have evidentiary support. [Citations.] Facts not contained in the separate statements do not exist. [Citation.]" (*Lewis v. County of Sacramento* (2001) 93 Cal.App.4th 107, 112 (*Lewis*).)

The required separate statement serves an additional function: to aid the trial court in discharging its statutory duties. (*North Coast Business Park v. Nielsen Construction Co.* (1993) 17 Cal.App.4th 22, 31.) Trial courts are obliged to explain the reasons for rulings with specific reference to the evidence which indicates the existence or nonexistence of a triable issue of fact. (*Ibid*; § 437c, subd. (g).) A court should insist on strict compliance with the required separate statement because the court's ability to focus

2

on and articulate the evidentiary basis for its ruling will be found in the separate statement. (*North Coast Business Park,* at p. 31.)

Self-represented litigants are "entitled to the same, but no greater, consideration than other litigants and attorneys. [Citations.] Further, the in propria persona litigant is held to the same restrictive rules of procedure as an attorney." (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638-639, questioned on another ground in *Dumas v. Stocker* (1989) 213 Cal.App.3d 1262, 1268, fn. 13.)[2]

Points raised in the opening brief on appeal must be set forth separately under an appropriate heading, showing the nature of the question to be presented and the point to be made. (Cal. Rules of Court, rule 8.204(a)(1)(B); *Opdyk v. California Horse Racing Bd.* (1995) 34 Cal.App.4th 1826, 1830, fn. 4 (*Opdyk*).) Litigants must present their contentions systematically and arrange them so the reviewing court can ascertain the exact question under consideration. (*In re S.C.* (2006) 138 Cal.App.4th 396, 408.) The heading is not merely an outline label but must constitute a contention of legal error. Failure to set forth arguments under an appropriate heading forfeits consideration of the issue on appeal. (*Opdyk,* at p. 1830, fn. 4.)

## BACKGROUND

We draw the facts relevant to this appeal from the statement of undisputed facts filed by UC Regents in the trial court because Waszczuk did not file a response to the statement of undisputed facts and because the trial court relied on UC Regents's statement of undisputed facts in ruling on the motion for summary judgment. Having failed to file a separate statement of undisputed facts, Waszczuk effectively admitted

---

[2] Waszczuk claims this principle violates the law and is discriminatory. He does not support the argument with citation to authority.

3

the facts presented in UC Regents's statement of undisputed facts. (*Lewis, supra*, 93 Cal.App.4th at p. 112.)

In 2007, Waszczuk was suspended from work for three days for creating a hostile work environment, using intimidating and disrespectful language with coworkers, and making derogatory comments about coworkers' race, religion, ethnic background, and other immutable characteristics. In 2009, Waszczuk and UC Regents executed a settlement agreement with Waszczuk agreeing to a permanent reassignment to the HVAC/Plumbing Shop and placement in an Associate Development Engineer position. He was given a $13,500 salary increase and agreed that the new position was correctly classified as an exempt position for minimum wage and overtime purposes.

In 2011, Waszczuk violated policies concerning workplace violence and hate incidents and was insubordinate. In 2012, he sent a workplace investigator a slideshow titled, "Welcome to Romania," which depicted people defecating in the streets and having sex in front of a child. After an investigation, UC Regents gave Waszczuk a notice of intent to terminate him. Waszczuk was terminated after a hearing concerning the misconduct.

In 2013, Waszczuk filed an internal whistleblower retaliation complaint. But he admitted he was suspended and terminated for workplace misconduct, not for any discriminatory reason and not based on any protected status. He further admitted he learned of the UC Regents's allegedly illegal sales, which formed the basis of his whistleblower retaliation complaint, only after he was terminated.[3]

Waszczuk filed a second amended complaint (the operative complaint on appeal) against UC Regents and several individual defendants alleging intentional infliction of emotional distress, interference with economic advantage, violation of the Fair

---

[3] The facts included in this paragraph were deemed as admissions by the trial court when Waszczuk failed to respond to UC Regents's request for admissions.

Employment and Housing Act, violation of Government Code section 8547.10, violation of Labor Code section 1278.5, breach of contract, wage and hour misclassification, and rescission of contract.

Some of the individual defendants filed an anti-SLAPP motion, which the trial court granted. Waszczuk dismissed the complaint as to the remaining individual defendants, leaving UC Regents as the sole defendant.[4]

On May 14, 2021, UC Regents filed a motion for summary judgment, with an accompanying separate statement of undisputed facts. On about July 16, 2021, Waszczuk filed an application for an extension of time to file his opposition to the motion for summary judgment. He stated that the opposition was due on July 20, 2021, and he requested an extension to September 15, 2021. The trial court denied the application because Waszczuk did not file a proper ex parte application with notice to UC Regents. On July 23, 2021, Waszczuk filed another application for extension of time to file his opposition to the motion for summary judgment. This application sought a 15-day extension of time, stating that the current due date for the opposition was July 22, 2021. The trial court granted the application for extension of time on July 26, 2021, giving Waszczuk 15 additional days until August 10, 2021 to file the opposition, and the trial court set the hearing on the motion for September 1, 2021.

On August 13, 2021, Waszczuk filed an opposition to the motion for summary judgment, with exhibits. He did not, however, file a separate statement of undisputed facts.

---

[4] This court decided two prior appeals relating to Waszczuk's employment with UC Regents. In *Waszczuk v. California Unemployment Insurance Bd.* (Dec. 27, 2018, C079254) [nonpub. opn.], this court affirmed the Unemployment Insurance Board's determination that Waszczuk was not entitled to unemployment benefits because he was terminated for misconduct. In *Waszczuk v. Regents of the University of California* (Oct. 10, 2017, C079524) [nonpub. opn.], this court affirmed the granting of the anti-SLAPP motion in favor of some of the individual defendants in this case.

The trial court issued a comprehensive tentative ruling granting UC Regents's motion for summary judgment and held a hearing on the motion on September 1, 2021. The trial court allowed Waszczuk time to argue at the hearing, after which counsel for UC Regents submitted without argument. The trial court affirmed its tentative ruling granting the motion for summary judgment and later entered judgment in favor of UC Regents.

DISCUSSION

A

Most of the headings in Waszczuk's briefing fail to show the nature of the question presented and the point to be made. To the extent Waszczuk has failed to make his contentions in proper headings, those contentions are forfeited.

In many parts of Waszczuk's briefs he makes statements about the procedure or the facts without citing to the record on appeal to support the statement. We cannot rely on these unsupported statements because we are confined to a review of the record on appeal. (*Lona v. Citibank, N.A.* (2011) 202 Cal.App.4th 89, 102.) Any contentions based on these unsupported statements are forfeited because Waszczuk failed to provide proper and accurate citations to the record on appeal to support the statements. (Cal. Rules of Court, rule 8.204(a)(1)(C); *Liberty National Enterprises, L.P. v. Chicago Title Ins. Co.* (2011) 194 Cal.App.4th 839, 846.) We must therefore disregard every statement of fact or procedure that it not accompanied by a citation to the record on appeal supporting the statement.

This court is not obligated to perform these functions on an appellant's behalf. (*Estate of Hoffman* (1963) 213 Cal.App.2d 635, 639; *Metzenbaum v. Metzenbaum* (1950) 96 Cal.App.2d 197, 199.) This is so because it is not the province of an appellate court to act as counsel for either party to an appeal by undertaking a search of the record for the purpose of discovering error or grounds for appeal not pointed out clearly in the briefs. (*Fox v. Erickson* (1950) 99 Cal.App.2d 740, 742.)

6

B

The only heading in Waszczuk's opening brief that raises a question to be decided is his argument VI(A) on page 31. The remaining headings are statements that do not raise a question to be decided. (*Opdyk, supra*, 34 Cal.App.4th at p. 1830, fn. 4.)

Argument VI(A) states: "[UC Regents] did not provide any credible piece of documentation with the motion for summary judgment to prove that [Waszczuk's] employment was terminated on December 7 due to misconduct or wrongdoing; for that reason, the trial court judgment must be reversed." (Unnecessary capitalization and bold text omitted.) In support of this argument, Waszczuk asserts the documents submitted by UC Regents in support of its motion for summary judgment, including declarations, investigative reports, and correspondence, were fabricated.

Waszczuk's argument necessarily fails because he did not file a statement of undisputed facts in opposition to the motion for summary judgment. If he had filed an opposing statement of undisputed facts and had responded to UC Regents's assertion of facts, the trial court would have had an opportunity to consider evidence submitted by the parties as to each fact UC Regents contended was undisputed. Further, the trial court would have determined whether Waszczuk successfully disputed UC Regents's assertion of facts. But Waszczuk did not file a statement of undisputed facts and was therefore not entitled to a judicial determination of whether UC Regents's facts were disputed. (See § 437c, subd. (b).)

Because his claim that UC Regents's evidence was fabricated finds no support in the procedural context of this record, Waszczuk's contention lacks merit.

C

Waszczuk argues the trial court abused its discretion by not giving him enough time to prepare his opposition to the motion for summary judgment. He claims the trial court should have given him until September 15, 2021 to file the opposition. As recounted above, however, the trial court properly denied the first application for an

7

extension because Waszczuk did not file a proper ex parte application with notice to UC Regents. (Cal. Rules of Court, rule 3.1203(a).) Waszczuk then filed a second application, seeking only a 15-day extension. That application was granted, giving Waszczuk the full 15-day extension to August 10, 2021.

Because Waszczuk did not file a proper application for extension of time to September 15, 2021, he cannot now complain on appeal that the trial court abused its discretion by extending the time only to August 10, 2021.

We note that the underlying basis of Waszczuk's argument is that the extension he desired was not granted because of the trial court's "notorious and malicious discrimination, prejudice, and bias by giving green lights to white-collar organized criminals operating in the University of California's Office of the President and Office of the General Counsel, and their former and present thugs from the notorious Porter Scott law firm, who decimated Plaintiff's life at the age of 60 and attacked his 70-year-old wife with the help of the Court." Waszczuk asserts that the trial court discriminated against him and abused its power by giving a shorter extension of time than was requested. Waszczuk's accusations have no basis in the record.

D

Waszczuk further contends he was not given enough time to argue during the hearing on the motion for summary judgment. He expected a one- to two-hour hearing but the trial court denied his right to be heard, ending the hearing after five to 10 minutes.

Waszczuk offers no authority for the proposition that a five- to 10-minute hearing on a motion for summary judgment violates a party's right to be heard. On appeal, the appellant must cite to authority, whether statutory or precedential, that supports the argument. (*People v. Gidney* (1937) 10 Cal.2d 138, 142-143.) It is not enough to claim the trial court violated the appellant's rights; the appellant must establish that the trial court's order was erroneous under applicable laws.

A review of the reporter's transcripts confirms that the hearing was not lengthy, but nowhere does it show an objection by Waszczuk or a request to have more time to argue. "In order to preserve an issue for appeal, a party ordinarily must raise the objection in the trial court." (*In re S.C.* (2006) 138 Cal.App.4th 396, 406.) Waszczuk did not object concerning the amount of time to argue at the hearing; therefore, he has forfeited the argument.

We have reviewed Waszczuk's opening brief and, while he makes many accusations against UC Regents, its employees, his prior counsel, opposing counsel, and the trial court, we perceive no further cognizable issues arguably raised on appeal. To the extent Waszczuk may have intended to raise further issues on appeal, we conclude they are forfeited for failure to brief them adequately and failure to abide by the rules of procedure.

## DISPOSITION

The judgment is affirmed. UC Regents is awarded its costs on appeal. (Cal. Rules of Court, rule 8.278(a).)


                                                    /S/
                                            MAURO, J.



We concur:


    /S/
ROBIE, Acting P. J.



    /S/
RENNER, J.

9